**HERRICK, FEINSTEIN LLP**
Steven B. Smith
Two Park Avenue
New York, NY 10016
(212) 592-1400
(212) 592-1500 (fax)
ssmith@herrick.com

Hearing Date: April 9, 2025
Time: 11:00 am

*Attorneys for 40 W. 22nd St. Tenants Cooperative Corp.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
CHABAD OF GRAMERCY PARK, : Index No. 25-40105-jmm
:
Debtor. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION BY 40 W. 22ND ST. TENANTS COOPERATIVE CORP.**
**FOR ENTRY OF AN ORDER: (I) PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND**
**503(b), COMPELLING DEBTOR TO IMMEDIATELY PAY**
**ADMINISTRATIVE RENTAND ASSUME OR REJECT THE LEASE; (II)**
**COMPELLING THE DEBTOR TOASSUME OR REJCT THE LEASE; (III)**
**ALTERNATIVELY PURSUANT TO 11 U.S.C. §362 GRANTING RELIEF**
**FROM THE AUTOMATIC STAY; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, upon the annexed motion, dated March 13, 2025, and the

Affirmation of Harriet Kyrous attached thereto, 40 W. 22nd St Tenants Cooperative Corp. ("40

TCC") will move this court before the Honorable Jil Mazier-Marino, United States Bankruptcy

Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New

York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **April 9, 2025 at 11:00 am,** or

as soon thereafter as counsel may be heard, for entry of an Order**,** pursuant to (i) pursuant to 11

U.S.C. §§ 365(d)(3) and 503(b), compelling Chabad of Gramercy Park (the "Debtor") to

immediately (a) pay all outstanding post-petition rent and other charges pursuant to the Lease, and

(b) assume or reject the Lease; (ii) compelling the Debtor to immediately assume or reject the

Lease; (iii) alternatively, pursuant to 11 U.S.C. §362(d), granting relief from the automatic stay; and (iv) granting related relief (the "Motion").

      **PLEASE TAKE FURTHER NOTICE** that objections, if any to the Motion must be (i) made in writing, (ii) conform to the Federal Rules of Bankruptcy for the Eastern District of New York, (iii) set forth the basis of the objection and specific grounds therefor, (iv) be filed with the Court together with proof of service thereof, and (v) be served upon Herrick, Feinstein LLP, Two Park Avenue, New York, NY 10016, all so as to be received not later than **April 2, 2025** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE,** that parties may appear at the hearing in person, by phone or be videoconference. All hearing participants must register through the Court's eCourt Appearances system accessible on the Bankruptcy Court's website at https://ecf.uscourts.gov/cgi-bin/nyebAppearances.pl no later than two days prior to the hearing. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

      **PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement at the hearing.

March 13, 2025  
New York, New York

                                          **HERRICK, FEINSTEIN LLP**

                                          By: */s/Steven B. Smith*  
                                            Steven B. Smith  
                                            Two Park Avenue  
                                            New York, NY 10016  
                                            Tel: (212) 592-1400  
                                            Fax: (212) 592-1500 (fax)

                                          *Attorneys for 40 W. 22nd St. Tenants*  
                                          *Cooperative Corp.*

**HERRICK, FEINSTEIN LLP**                           Hearing Date:   April 9, 2025
Steven B. Smith                                      Time:   11:00 a.m.
Two Park Avenue
New York, NY 10016
(212) 592-1400
(212)592-1500 (Fax)
ssmith@herrick.com

*Attorneys for 40 W. 22nd St. Tenants Cooperative Corp.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                         :        Chapter 11
                                              :
CHABAD OF GRAMERCY PARK,                      :        Case No.: 25-40105-jmm
                                              :
                    Debtor.                   :
                                              :
-------------------------------------------------------------------x

**MOTION BY 40 W. 22ND ST. TENANTS COOPERATIVE CORP. FOR
ENTRY OF AN ORDER (I) PURSUANT TO  11 U.S.C. §§ 365(d)(3) AND 503(b)
COMPELLING THE DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE
RENT AND ASSUME OR REJECT THE LEASE; (II) COMPELLING THE DEBTOR
TO ASSUME OR REJECT THE LEASE; (III) ALTERNATIVELY
PURSUANT TO  11 U.S.C. § 362 GRANTING RELIEF FROM THE
AUTOMATIC STAY; AND (IV) GRANTING RELATED RELIEF**

TO:     THE HONORABLE JIL MAZER-MARINO
        UNITED STATES BANKRUPTCY JUDGE

        40 W. 22nd St. Tenants Cooperative Corp. ("40 TCC"), by and through its undersigned

counsel, respectfully submits this motion for the entry of an Order: (i) pursuant to 11 U.S.C. §§

365(d)(3) and 503(b), compelling Chabad of Gramercy Park (the "Debtor") to immediately (a)

pay all outstanding post-petition rent and other charges pursuant to the Lease, and (b) assume or

reject the Lease; (ii) compelling the Debtor to immediately assume or reject the Lease; (iii)

alternatively, pursuant to 11 U.S.C. §362(d), granting relief from the automatic stay; and (iv)

granting related relief (the "Motion").  In support hereof, 40 TCC respectfully submits the

Affirmation of Harriet Kyrous attached hereto as <u>Exhibit 1</u> (the "<u>Kyrous Affirmation</u>") and respectfully represents and states as follows:

<b><u>PRELIMINARY STATEMENT</u></b>

1.      The Debtor has not paid any rent and other required charges pursuant to the Lease to 40 TCC since February 2024.  As of the Petition Date, the Debtor owed 40 TCC $236,788.67.  Post-petition, the Debtor has enjoyed nine more weeks of use and occupancy *rent free*.

2.      40 TCC has been patient with the Debtor in the Chapter 11 Case giving it two months to perform under its Lease and to follow through on its stated intention—at the February 14 341 meeting—to pay 40 TCC all outstanding post-petition Lease payments.  Still, the Debtor has not paid.

3.      The Debtor should not be able to enjoy the benefits of chapter 11 while ignoring its responsibilities and should therefore be compelled to immediately pay to 40 TCC all outstanding post-petition Lease payments.  Additionally, the Debtor has had ample time to decide whether to assume or reject the Lease and already stated its intention—again, at the February 341 meeting—to surrender the Property, and should therefore be compelled to immediately assume or reject the Lease.

4.      Finally, 40 TCC is concerned that the Debtor will not have sufficient cash available to pay 40 TCC's administrative claim and therefore requests, in the alternative, that this Court should lift the automatic stay for cause to permit 40 TCC to continue its prosecution of its Eviction Proceeding against the Debtor.

<b><u>JURISDICTION</u></b>

5.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference entered by the United States

-2-

District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) dated August 28, 1986, as amended by Order dated December 5, 2012.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicate for the relief sought herein is 11 U.S.C. §§ 362(d), 365(d)(3), 503(b)(1)(A) and 105.

## BACKGROUND

A.      **40 TCCs Lease**

9.      40 TCC owns the real property commonly known as 40 W. 22nd Street, New York, New York, 10010 (the "Property").

10.     On August 4, 2010, the Debtor and 40 TCC entered into that certain lease respecting the Property (the "Lease") pursuant to which 40 TCC leased to the Debtor certain commercial space at the Property consisting of portions of the ground, mezzanine and basement floors (collectively, the "Premises").[1]

11.     The Debtor owns 45.45 of capital stock shares of 40 TCC which shares entitle the Debtor to occupy the Premises.

12.     Pursuant to the Lease, the Debtor is required to pay rent on the first day of each month and the rent—also called maintenance—shall equal that portion of the Debtor's cash requirements for such year.  Lease ¶1(a).

13.     Pursuant to Lease ¶1(c), cash requirements shall mean the estimated amount in cash which the directors determine to be necessary or proper for the corporate property and all such determinations of cash requirements shall be conclusive as to lessees.  Lease ¶1(c).

---

[1] A true and correct copy of the Lease is annexed to the Kyrous Affirmation as Exhibit A.

14.    The current amount of the monthly payments the Debtor is required to pay to 40 TCC pursuant to the Lease is $17,568.30.[2]

B.    **The Debtor's Delinquent Payment History and Eviction Proceeding**

15.    The Debtor has failed to pay any rent since February 2024.

16.    On May 6, 2024, 40 TCC sent a default notice to the Debtor for failing to pay its required maintenance fees and other required charges (the "Default Notice").[3]  The Debtor failed to cure its Lease defaults.

17.    On September 4, 2024, 40 TCC commenced an eviction proceeding against the Debtor in the Civil Court of the City of New York, County of New York: Non-Housing Part directing that a warrant be issued forthwith to remove the Debtor and undertenants from possession of the Property and a money judgment against the Debtor be awarded in favor of 40 TCC (the "Eviction Proceeding").[4]

18.    40 TCC filed its summary judgment motion on December 2, 2024 which was returnable on December 19, 2024.  On January 6, 2025, 40 TCC and the Debtor filed a joint stipulation to adjourn the December 19 hearing date to February 5, 2025.  In light of the Chapter 11 Case, the Eviction Proceeding has been marked off the calendar.

C.    **The Chapter 11 Case**

19.    On January 8, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

---

[2] On August 1, 2024, the monthly maintenance payment amount was increased from $15,971.18 to $17,568.30.  A true and correct copy of the letter providing notice of a 10% maintenance payment increase is annexed to the Kyrous Affirmation as Exhibit B.

[3] A true and correct copy of the Default Notice is annexed to the Kyrous Affirmation as Exhibit C.

[4] A true and correct copy of the Eviction Proceeding petition is annexed to the Kyrous Affirmation as Exhibit D.

20.     No trustee, examiner, or committee of creditors has been appointed in the Chapter 11 Case.  However, on March 11, 2025, the Debtor's purported secured creditor, EMG Transfer Agent LLC, filed a motion to appoint an examiner.

21.     The Debtor filed its schedules together with its petition and erroneously listed 40 TCC's claim as a disputed general unsecured claim in the amount of $163,323.02 notwithstanding that 40 TCC has a properly perfected cooperative organization security interest in the Debtor's shares in the Property as of August 4, 2010, the date the cooperative interest first came into existence.

22.     On March 12, 2025, 40 TCC filed its proof of claim evidencing its senior secured claim in the amount of $236,788.67 which has since been marked as claim 11 in the Debtor's claims register.

23.     On February 14, 2025, the Office of the United States Trustee conducted the Debtor's 341 meeting (the "341 Meeting") at which the Debtor's Executive Director, Rabbi Naftali Rotenstreich, appeared and testified.  During the meeting, Debtor's counsel confirmed the Debtor's intention to pay its post-petition Lease payments to 40 TCC.[5]

24.     To date, the Debtor has not paid any post-petition Lease payments to 40 TCC— having failed to pay the January, February or March payments—and owes 40 TCC a total of $40,338.68.  On April 1, the Debtor will owe an additional $17,568.30 which will bring the total outstanding post-petition balance to $57,906.98, not including attorneys' fees incurred which are considered additional rent.

## RELIEF REQUESTED

25.     By this Motion, 40 TCC respectfully requests the entry of an Order: (i) pursuant

---

[5]  A copy of the 341 Meeting transcript was attached as Exhibit 1 to the Draghi Declaration filed in support of EMG Transfer Agent LLC's motion to appoint an examiner [Dkt. No. 21] and the relevant discussion can be found at 42:19-43:5.

to 11 U.S.C. §§ 365(d)(3) and 503(b), compelling the Debtor to immediately (a) pay all outstanding post-petition Lease payments including rent and other required charges, and (b) assume or reject the Lease; (ii) compelling the Debtor to immediately assume or reject the Lease; and (iii) alternatively, pursuant to 11 U.S.C. §362(d), granting 40 TCC relief from the automatic stay.

I.      **The Debtor is Required to Timely Pay Its Post-Petition Pre-Rejection Rent Obligations Pursuant to Bankruptcy Code Section 365(d)(3)**

26.     Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that a debtor-in possession must timely perform all of the debtor's post-petition pre-rejection obligations under an unexpired lease of nonresidential real property:

> [t]he [debtor-in-possession] shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).  The statute is clear—the Debtor "shall" perform "all the obligations" of the debtor arising post-petition, and shall do so "timely".

27.     40 TCC's claim for the Debtor's violation of Bankruptcy Code section 365(d)(3) is entitled to "automatic administrative expense status" and 40 TCC does not need to demonstrate that the Debtor's obligations under the lease are "actual, necessary costs and expenses of preserving the estate" as would be required for administrative expense status under Bankruptcy Code section 503(b)(1).  *In re Pudgie's Dev. of NY, Inc.,* 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).  The only requirement is that the obligation arises under the terms of the lease during the post-petition pre-rejection period.  *See In re BH S&B Holdings LLC*, 426 B.R. 478, 482-84 (Bankr. S.D.N.Y. 2010) (Glenn, B.J.); *In re BH S&B Holdings, LLC*, 401 B.R. 96, 103

(Bankr. S.D.N.Y. 2009) (Glenn, B.J.).

28.    In *In re BH S&B Holdings LLC*, the Court cited the legislative history of Bankruptcy Code section 365(d)(3) to demonstrate that section 365(d)(3) was intended to require the timely payment of not only rent, but also all other obligations of the debtor under the lease:

> The legislative history of the section indicates that the timing of § 365(d)(3) applies not just to rent.  "The bill would lesson those problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property *at the time* required in the lease.  This timely performance requirement will insure that debtor-tenants pay their rent, common area, and *other charges* on time pending the trustee's assumption or rejection of the lease."  130 Cong. Rec. S8894, S8895 (daily ed. June 29, 1984) (statement of Sen. Hatch) (emphasis added).

*In re BH S&B Holdings LLC*, 401 B.R. at 103-04.

29.    Courts have also held that a debtor is required to pay the "stub rent" for the *pro rata* post-petition portion of the month in which the Debtor filed its petition pursuant to Bankruptcy Code section 365(d)(e).  *See, e.g. In re Stone Barn Manhattan LLC*, 398 B.R. 359, 366 (Bankr. S.D.N.Y. 2008) ("The proration approach is relatively simple to apply, equitable, and consistent with pre-amendment practice.").

30.    Here, the unexpired Lease requires the Debtor to pay maintenance fees and *other charges* to 40 TCC on the first of each month.  Accordingly, Bankruptcy Code section 365(d)(3) requires the Debtor to continue to perform under the Lease post-petition—unless and until the Court enters an order rejecting the Lease—and to pay all required maintenance and *other charges* that have come due post-petition.  The Debtor has paid nothing to 40 TCC post-petition.

31.    Instead, the Debtor has enjoyed the use and occupancy of the Premises for nine weeks *rent free,* and is enjoying all the benefits of bankruptcy protection—including the stay of the Eviction Proceeding—while ignoring its responsibilities—to pay.

32.     Furthermore, Lease ¶26 provides that if 40 TCC institutes an action or proceeding based on the Debtor's default, then expenses including reasonable attorneys' fees and disbursements shall be paid by the Debtor to 40 TCC as additional rent.

33.     Accordingly, 40 TCC respectfully requests that the Court enter an Order compelling the Debtor to: (i) immediately pay to 40 TCC a total of $57,906.98 representing all due and owing post-petition maintenance fees and other charges, plus attorneys' fees incurred in connection with the prosecution of this Motion; and (ii) perform all of its obligations under the Lease.

## II.     <u>The Debtor Should be Compelled to Assume or Reject the Lease</u>

34.     The Debtor has had ample opportunity to determine whether to assume or reject the Lease and, in fact, stated its intention to surrender the Premises at the 341 Meeting.[6]

35.     Nine weeks have passed since the Petition Date and almost four weeks have passed since the 341 Meeting and, still, the Debtor has not moved to assume or reject the Lease.

36.     40 TCC respectfully submits that it should not be forced to suffer further prejudice while the Debtor: (i) continues to enjoy the use and occupancy of the Premises *rent free*; and (ii) ignores its statutory duties under the Bankruptcy Code.

37.     Accordingly, 40 TCC respectfully requests that the Court enter an order: (i) compelling the Debtor to assume or reject the Lease by April 15, 2025; and (ii) deeming the Lease automatically rejected as of April 15, 2025 if the Debtor fails to pay all post-petition Lease payments to 40 TCC within two (2) business days of the entry of an order granting this Motion.

## III.    <u>Alternative Request for Relief from the Automatic Stay</u>

(i)     <u>Cause Exists to Grant 40 TCC Stay Relief</u>

---

[6] *See* 32:9-15 of the 341transcript attached as Exhibit 1 to Dkt. No. 21.

38.    In the event the Court determines not to compel the Debtor to immediately assume or reject the Lease, and in light of the fact that the Debtor has insufficient cash on hand to pay 40 TCC's administrative expense claim, 40 TCC should be granted relief from the automatic stay to continue its prosecution of its Eviction Proceeding and to exercise all of its rights and remedies under the Lease.

39.    Bankruptcy Code section 362(d) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case-by-case basis and is within the sound discretion of the court. *In re Uvaydov*, 354 B.R. 620 (Bankr. E.D.N.Y. 2006).

40.    A party's failure to make post-petition payments is sufficient cause to justify termination of the automatic stay. *Id*. at 623-24. Similarly, in a recent case from the Bankruptcy Court of the Southern District of New York, Judge Glenn granted relief from the automatic stay where the debtor had failed to pay post-petition rent pursuant to Bankruptcy Code section 365(d)(3). *See In re Payam, Inc.*, 642 B.R. 365, 371 (Bankr. S.D.N.Y. 2022).

41.    Here, the Debtor has failed to pay any post-petition payments required under the Lease to 40 TCC and therefore 40 TCC's interests are not being adequately protected.

42.    Furthermore, application of the factors set forth in *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) weigh heavily in favor of granting 40 TCC relief from the

stay.[7]  *First*, granting stay relief to permit 40 TCC to continue its prosecution of the Eviction Proceeding will facilitate a complete resolution of the disputes among the parties.  *Second*, the Eviction Proceeding involves solely New York state law claims, which the state court is well-equipped to adjudicate.

43.    *Third*, the state court is a landlord-tenant court with the necessary expertise established to adjudicate landlord-tenant disputes like the one raised in the Eviction Proceeding.  *Fourth*, permitting 40 TCC to resume its prosecution of the Eviction Proceeding would not prejudice the interests of other creditors especially considering the Debtor has already stated its intention to surrender the Property.  *Fifth*, the interests of judicial economy and the expeditious and economic resolution of litigation militate in favor of lifting the stay because the Eviction Proceeding was commenced in September 2024 and 40 TCC's summary judgment was pending at the time the Chapter 11 Case was filed.  *Finally*, the Debtor will not be prejudiced since it will have the opportunity to oppose the Eviction Proceeding.

(ii)    <u>Request for Waiver of the Bankruptcy Rule 4001(a)(3) Stay of Enforcement</u>

44.    If the Court decides to grant 40 TCC stay relief, 40 TCC respectfully requests relief from the 14-day stay of enforcement of an order granting relief from the automatic stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure considering the Debtor's history of non-payment.

---

[7] The *Sonnax* factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax*, 907 F.2d at 1286.

**CONCLUSION**

**WHEREFORE**, 40 TCC respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 2</u>: (i) compelling the Debtor to immediately pay to 40 TCC a total of $57,906.98 representing all due and owing post-petition maintenance fees and other charges plus all of 40 TCC's attorneys' fees incurred in connection with the prosecution of this Motion; (ii) (a) compelling the Debtor to assume or reject the Lease by April 15, 2025 and (b) deeming the Lease automatically rejected as of April 15, 2025 if the Debtor fails to pay all post-petition Lease payments to 40 TCC within two (2) business days of the entry of an order granting the Motion; (iii) alternatively, pursuant to 11 U.S.C. § 362(d), granting 40 TCC relief from the automatic stay to continue prosecution of the Eviction Proceeding; and (iv) granting such other relief as this Court deems just and proper.

Dated: New York, New York
     March 13, 2025

                Respectfully submitted,

                HERRICK, FEINSTEIN LLP

                By:/s/ *Steven B. Smith*
                   Steven B. Smith
                   2 Park Avenue
                   New York, NY 10016
                   (212) 592-1400
                   (212) 592-1500
                   ssmith@herrick.com

                *Attorneys for 40 W. 22nd St. Tenants Cooperative Corp.*