Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                          Case No.: 1-24-40105-jmm

     Chabad of Gramercy Park,                        Chapter 11

     Debtor.
---------------------------------------------------------X

## NOTICE OF DEBTOR'S MOTION SEEKING ORDER CONFIRMING THAT 11 U.S.C. § 362 DOES NOT APPLY TO ACTIONS INITIATED BY THE DEBTOR AND ALLOWING DEBTOR TO CONTINUE THEIR ACTION AGAINST SHAYA LESCHES

     **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 362 and 105, a hearing

to consider the above-captioned Debtor's Motion to seeking an order confirming that 11 U.S.C. §

362 does not apply to actions initiated by the Debtor, shall be conducted before the Honorable Jil

Mazer - Marino, United States Bankruptcy Judge, **July 9, 2025, at 10:00 A.M.,** in the United

States Bankruptcy Court – Eastern District of New York – Brooklyn, 271-C Cadman Plaza East,

Courtroom 3529, Brooklyn, New York, 11201. The parties may appear in person, by phone, or

by videoconference for hearing. Regardless of whether a hearing is by phone, videoconference,

or in person, all hearing participants must register with eCourt Appearances in advance of all

telephonic and videoconference appearances (https://www.nyeb.uscourts.gov/registering-remote-

hearing-appearance-using-ecourt-appearances). Once registered, eCourt Appearances will email

the telephone number and video link for your hearing. You may register for hearings weeks in

advance, but the telephone number video link will not be sent to you until 48 hours before the

hearing date. Those registering with eCourt Appearances for hearings less than 48 hours in

1

advance should allow up to 15 minutes after registration to receive the email with the telephone number and video link. Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

      **PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.


Dated: Brooklyn, New York
     June 5, 2025

                                      */s/ Alla Kachan*
                                      Alla Kachan, Esq.
                                      Law Offices of Alla Kachan
                                      2799 Coney Island Avenue, Ste 202
                                      Brooklyn, NY 11235
                                      Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                    Case No.: 1-24-40105-jmm

      Chabad of Gramercy Park,                      Chapter 11

      Debtor.
--------------------------------------------------------X

## DEBTOR'S MOTION SEEKING ORDER CONFIRMING THAT 11 U.S.C. § 362 DOES NOT APPLY TO ACTIONS INITIATED BY THE DEBTOR AND ALLOWING DEBTOR TO CONTINUE THEIR ACTION AGAINST SHAYA LESCHES

**TO THE HONORABLE JIL MAZER-MARINO**
**UNITED STATES BANKRUPTCY JUDGE:**

      Chabad of Gramercy Park, the Debtor and Debtor in Possession, by and through their counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., respectfully submits this Motion to seeking an order confirming that 11 U.S.C. § 362 does not apply to actions initiated by the Debtor. In further opposition thereof, the Debtor respectfully represents as follows:

### BACKGROUND & VENUE

      1.     The Debtor is a New York corporation with a business address at 765 Montgomery St 2nd floor, Brooklyn, NY 11213.

      2.     The Debtor continues in possession of its property and to operate and manage its organization and business as a debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.

      3.     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and

157. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

4.     The Debtor filed a voluntary petition for relief under chapter 11 of 11 U. S. C. § 101, et. seq. (the "Bankruptcy Code") on January 8, 2025 ("Petition Date") in the Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

5.     On August 8, 2024, the Debtor initiated an action in the New York County Supreme Court against Shaya Lesches, titled *Chabad of Gramercy Park v. Shaya Lesches, Yjp Foundation Inc.*, Index No. 654008/2024 (the "State Court Action").

6.     The Debtor now seeks entry of an order confirming that 11 U.S.C. § 362(a) does not apply to actions initiated by the Debtor.

## ARGUMENT

7.     The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws. " *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection, 474 U.S. 494, 503 (1986).* The purpose of the automatic stay is to allow a debtor to focus its attention on reorganization efforts without the distraction of having to defend against outside litigation. *CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990).* Additionally, the automatic stay prevents the state-law "race to the courthouse," and is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000)* (internal quotation omitted). In this regard, the automatic stay "promotes equal creditor treatment and gives the debtor a breathing spell. " *In re Pioneer Commercial Funding Corp., 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).*

8.     Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays

"the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy]." *See 11 U.S.C. §362(a)(1).*

9. It is well accepted case law that the automatic stay does not apply to cases initiated by the Debtor pre-petition against another party. In *In re Bird*, 229 B.R. 90 (Bankr. S.D.N.Y. 1999), the court specified that "the automatic stay applies only to proceedings against the Debtor". *See In re Bird,* 229 B.R. 90 at 94 (Bankr. S.D.N.Y. 1999)( holding that "if the aggressor, so to speak, is the Debtor, the stay is not implicated"). *See also In re Merrick,* 175 B.R. 333 (B.A.P. 9th Cir. 1994)(holding that the objective of the automatic stay is inapplicable to the trustee's offensive action) & *In re Way, 229* B.R. 11 (B.A.P. 9th Cir. 1998)(holding that the primary purposes of 11 U.S.C. § 362 do not apply to offensive actions by a debtor).

10. Accordingly, only actions against the Debtor are stayed pursuant to 11 U.S.C. § 362. Therefore, the Debtor is allowed to continue litigating the State Court Action and the automatic stay does not apply to such actions.

11. Additionally, allowing the Debtor to continue litigating the State Court Action is in the best interests of the creditors and the Bankruptcy estate because it has the potential of increasing the funds of the estate.

12. With this Motion, the Debtor is asking the Court to enter an order confirming that the automatic stay pursuant to 11 U.S.C. § 362 does not apply to a pre-petition action initiated by the Debtor and allowing the Debtor to continue litigating the State Court Action, Index No. 653489/2024.

13. With respect to the order issued by the Supreme Court of the State of New York County, Case No. 654008/2024, on November 27, 2024, as to the obligation of Shaya Lesches to

5

return certain records, the Debtor is seeking an order enforcing the order of the State Court to turn over the records and declaring that the automatic stay does not apply to said order. As this was not an action to collect from the Debtor and may very well benefit the Bankruptcy estate in the long run as the records are assets of the Bankruptcy estate, the Debtor should be permitted to pursue that action and the State Court's order should be enforced. Additionally, the State Court order stated that Lesches "shall eliminate any LinkedIn page related to YJP by November 29, 2024". As of June 5, 2025, the LinkedIn page of Shaya Lesches still contains mention of YJP.

**WHEREFORE**, the debtor respectfully requests that this Court enter an order, confirming that the stay does not apply to a pre-petition action initiated by the Debtor and allowing the Debtor to continue litigating its State Court Action, and for such other and further relief this court deems to be just and proper.

Dated: Brooklyn, New York
      June 5, 2025

/s/ *Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                    Case No.: 1-24-40105-jmm

     Chabad of Gramercy Park,                     Chapter 11

     Debtor.
--------------------------------------------------------X

## ORDER CONFIRMING THAT 11 U.S.C. § 362 DOES NOT APPLY TO ACTIONS INITIATED BY THE DEBTOR AND ALLOWING DEBTOR TO CONTINUE THEIR ACTION AGAINST SHAYA LESCHES

Upon the Application of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to 11 U.S.C. § 362 of the Bankruptcy Code, confirming that 11 U.S.C. § 362 does not apply to actions initiated by the Debtor and allowing the Debtor to continue their action against Shaya Lesches, YJP Foundation Inc., and a hearing to be held before this Court to consider the Motion dated June 5, 2025; and upon consideration of the motion and all pleading related thereto; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT the Motion is GRANTED in its entirety; and it is further

ORDERED that the Debtor is permitted to continue litigating their State Court action against Shaya Lesches, Yjp Foundation Inc., Index No. 654008/2024; and it is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that that entry of this Order shall be subject to and without prejudice to the rights of the Debtor to pursue its State Court action.

7

ORDERED that this Court may retain jurisdiction to hear and determine all matters arising from or related to this Order.