Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                      Case No.: 1-24-40105-jmm

      Chabad of Gramercy Park,                      Chapter 11

                           Debtor.
----------------------------------------------------------X

## DEBTOR'S RESPONSE TO OBJECTION OF SHAYA LESCHES & YJP FOUNDATION, INC. TO DEBTOR'S MOTION TO CONFIRM ABSENCE OR TERMINATION OF STAY

**TO THE HONORABLE JIL MAZER-MARINO**
**UNITED STATES BANKRUPTCY JUDGE:**

      Chabad of Gramercy Park, the Debtor and Debtor in Possession, by and through their counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., respectfully submits this Response to the Objection of Shaya Lesches & YJP Foundation Inc. (the "Movants") to the Debtor's Motion seeking an order confirming that 11 U.S.C. § 362 does not apply to actions initiated by the Debtor. In further opposition thereof, the Debtor respectfully represents as follows:

### BACKGROUND & VENUE

      1.     The Debtor is a New York corporation with a business address at 765 Montgomery St 2nd floor, Brooklyn, NY 11213.

      2.     The Debtor continues in possession of its property and to operate and manage its organization and business as a debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.

1

3.      This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

4.      The Debtor filed a voluntary petition for relief under chapter 11 of 11 U. S. C. § 101, et. seq. (the "Bankruptcy Code") on January 8, 2025 ("Petition Date") in the Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

5.      On August 8, 2024, the Debtor initiated an action in the New York County Supreme Court against Shaya Lesches, titled *Chabad of Gramercy Park v. Shaya Lesches, Yjp Foundation Inc.*, Index No. 654008/2024 (the "State Court Action").

6.      In that action, the Supreme Court of the State of New York County, Case No. 654008/2024, on November 27, 2024, entered an order requiring the Movants to (1) turn over complete control of the YJP.org website to the Debtor; (2) change over accounts for the YJP's website; (3) turn over the email used to create the Facebook page for YJP.org and to change the verification phone number to Debtor's IT Rep's phone number; and (4) to eliminate any LinkedIn page related to YJP. Upon information and belief, the Movants have done none of these things and are using the automatic stay to avoid following the court's order.

7.      On June 5, 2025, the Debtor filed a Motion seeking an order confirming that 11 U.S.C. § 362 does not apply to actions initiated by the Debtor and allowing the Debtor to continue their action against Shaya Lesches. *See ECF Doc. No. 97.*

8.      On July 2, 2025, the Movants filed an objection to the Debtor's motion, alleging that the Debtor cannot continue the state court action because (1) the Beis Din arbitration is not finished; and (2) the Movant's allegedly asserted counterclaims against the Debtor. Further, the Movants argue that cause is required to lift the stay, and use the *Sonnax* factors to make their

argument." *See Sonnax Indus., v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990).

9.      The Debtor disagrees with the positions of the Movants for the following reasons.

## ARGUMENT

10.      In their objection, the Movant's primary argument is that the Debtor cannot continue litigating their state court action, despite the fact that the automatic stay does not apply to actions by the Debtor, because the Beis Din arbitration is not complete and because there are allegedly counterclaims against the Debtor.

11.      As for the Beis Din arbitration, the Beis Din has already rendered a decision, which prompted the Debtor's State Court action against the Movants. Even if it is concluded that the Beis Din proceeding is still underway, the Movants have cited no legal or statutory authority explaining why the Debtor cannot continue their State Court action while a Beis Din arbitration is in process. It is unclear how the Movants purport that this supports their argument that the Debtor cannot continue litigating their State Court action. Likewise, if the Movants are attempting to suggest that the Beis Din arbitration is a counterclaim, that assertion is incorrect. The decision of the Beis Din could be the basis for a claim against the Debtor in this Bankruptcy proceeding with the Movants as creditors, but it is not a counterclaim in the State Court action that would prevent the Debtor from being permitted from continuing to litigate that action.

12.      As for the Movant's argument regarding counterclaims, first, the existence of counterclaims against the Debtor does not necessarily prevent the Debtor from continuing to litigate a State Court action where they are the Plaintiff as it is not an action to collect against the Debtor but is rather an action by the Debtor against the Movants.

13.      As stated in the Debtor's original motion, it is well accepted case law that the

automatic stay does not apply to cases initiated by the Debtor pre-petition against another party. In *In re Bird*, 229 B.R. 90 (Bankr. S.D.N.Y. 1999), the court specified that "the automatic stay applies only to proceedings against the Debtor". *See In re Bird,* 229 B.R. 90 at 94 (Bankr. S.D.N.Y. 1999)( holding that "if the aggressor, so to speak, is the Debtor, the stay is not implicated"). *See also In re Merrick,* 175 B.R. 333 (B.A.P. 9th Cir. 1994)(holding that the objective of the automatic stay is inapplicable to the trustee's offensive action) & *In re Way, 229* B.R. 11 (B.A.P. 9th Cir. 1998)(holding that the primary purposes of 11 U.S.C. § 362 do not apply to offensive actions by a debtor).

14.     Accordingly, only actions against the Debtor are stayed pursuant to 11 U.S.C. § 362. Here, the State Court action is not an action to collect against the Debtor, but rather it is an action to get the Creditor to comply with the State Court's order. Therefore, the Debtor is allowed to continue litigating the State Court Action and the automatic stay does not apply to such actions.

15.     Further, after a review of the State Court docket, it is unclear what counterclaims the Movants are referring to in their objection and they did not name any of these counterclaims in their objection to the Debtor's motion. There was a motion in the State Court action filed by the Movants which was a "Motion to Stay Action and Compel Arbitration", but that is not a counterclaim but rather is a cross-motion to compel arbitration. As stated, even if it is found that there are counterclaims against the Debtor, that does not mean that the Debtor cannot continue litigating the action where they are a Plaintiff. However, here, there do not seem to actually be any counterclaims against the Debtor. Therefore, the Movants' argument must fail.

16.     Additionally, the Movant argues in their objection that the automatic stay does apply to the Debtor for the reasons stated above, and that therefore, the *Sonnax* factors must be considered in deciding whether the stay should be lifted so that the State Court action can continue.

It is the Debtor's position that the *Sonnax* factors do not apply here because as established by the Debtor, the automatic stay does not apply to actions by the Debtor in their motion, as they are not actions to collect against the Debtor which is the purpose of the automatic stay pursuant to Section 362. The *Sonnax* factors are used when deciding whether or not to lift the stay, but the Debtor is not attempting to lift the stay, as it does not apply to him or his actions against the Movant. In making the original motion, the Debtor was not seeking relief from stay. Rather, they were seeking a standard comfort order from the Court confirming that the Debtor in fact can continue to litigate his State Court action.

17.     While the Movants argue under the guise of concerns about the estate, it is quite clear that they are simply trying to avoid the order entered by the Court in the State Court Action on November 27, 2024 as they do not want to turn over the information related to the YJP dispute that they were ordered by the court to turn over to the Debtor. Further, there are allegations that the Movants dissipated assets prepetition, and that is why the information that was ordered by the Court to be turned over to the Debtor is crucial for the Debtor to meet his obligations as a Debtor-in-Possession and marshal his assets.

**WHEREFORE**, the debtor respectfully requests that this Court enter an order, confirming that the stay does not apply to a pre-petition action initiated by the Debtor and allowing the Debtor to continue litigating its State Court Action, and for such other and further relief this court deems to be just and proper.

Dated: Brooklyn, New York
      July 10, 2025

*/s/ Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

5