Alla Kachan, Esq.  Presentment Date: October 8, 2025
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:  Case No.: 1-25-40105-JMM
       Chabad of Gramercy Park,  Chapter 11

                                 Debtor
--------------------------------------------------------X

### NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER PURSUANT TO SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE AUTHORIZING THE DEBTOR TO EMPLOY ARIEL PROPERTY ADVISORS LLC AS A REAL ESTATE BROKER

**PLEASE TAKE NOTICE**, that upon the annexed Motion and Order authorizing the Debtor in possession to employ Ariel Property Advisors LLC as a Real Estate broker for the Debtor ( the "Motion and Order") will present to the Honorable Jil Mazer-Marino, United States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, 271-C Cadman Plaza East - Suite 3529, Brooklyn, NY 11201 (the "Bankruptcy Court"), for signature on **October 8, 2025** (the **"Presentment Date"**).

**PLEASE TAKE FURTHER NOTICE**, objections or other responses, if any, to approve a Motion and Order must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the counsel for the Debtors, Law Offices of Alla Kachan, P.C. 2799 Coney Island Avenue, Suite 202, Brooklyn, NY 11235, and the United States Trustee's Office, Eastern District of New York, U.S. Federal Office Building, One Bowling Green Room 510, New York NY 10004 so as to be received at least **7 days** prior to the date set for the presentment of the proposed Order.

**PLEASE TAKE FURTHER NOTICE**, that if no responses or objections are received

the Motion may be approved without further notice or a hearing.  If an objection has been timely

filed, the court will notify the moving and objecting parties of the date and time of the hearing.

DATED:      Brooklyn, New York
            September 9, 2025            */s/ Alla Kachan, Esq.*
                                        Alla Kachan, Esq.
                                        Law Offices of Alla Kachan
                                        2799 Coney Island Avenue, Suite 202
                                        Brooklyn, NY 11235
                                        Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202.
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                           Case No.: 1-25-40105-JMM

      Chabad of Gramercy Park,                           Chapter 11

                                     Debtor.
--------------------------------------------------------X

## APPLICATION OF THE DEBTOR PURSUANT TO SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN ARIEL PROPERTY ADVISORS LLC AS A REAL ESTATE BROKER FOR THE DEBTOR

The Debtor, Chabad of Gramercy Park, (the "**Debtor**"), as debtor-in-possession in this Chapter 11 case (the "**Chapter 11 Case**") hereby file this Application (the "**Application**") for the entry of an Order, under sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") authorizing the retention of Ariel Property Advisors LLC ("Ariel"), as a real estate broker for the Debtor.

In support of the Application, the Debtor respectively represents as follows:

### SUMMARY OF RELIEF REQUESTED

1.    By this Application, the Debtor requests entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rules 2014-1,

authorizing the Debtor to retain Ariel as its exclusive real estate broker to assist with the sale of the Debtors' real estate properties located at 116 West 14th Street #1  New York NY Block 609 Lot 1001, 40 West 22nd Street #Comm New York NY Block 823 Lot 65, 12 East 13th Street #Com New York NY Block 570 Lot 1201 (the "**Properties**"). The Debtor believes the retention of Ariel as its broker for the Properties will enable the Debtor to effectuate a prompt sale of the Properties and obtain the highest and best value for the Properties. Accordingly, the Debtor submits that the retention of Ariel is in the best interest of the Debtor's estate and its creditors.

2.      The terms and conditions of Ariel's retention as the exclusive real estate broker in connection with the sale of the Properties are set forth in exclusive right to sell, exchange or dispose agreement for real properties between the Debtor and Ariel (the "**Agreement**") and attached hereto as Exhibit A. In support of this Application, the Debtor relies upon the Affidavit of Shimon Shkury, the president of Ariel Property Advisors LLC (the "Shkury's Declaration"), executed on September 8, 2025.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.      Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code, and Rules 2014 and 2016 of the Bankruptcy Rules.

## BACKGROUND

6.      On January 8, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtor continues to manage her property as debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

8.      By this Application, pursuant to sections 327 and 328 of the Bankruptcy Code, the Debtor seeks to employ and retain Ariel as the exclusive real estate broker for the Debtor's Properties pursuant to the terms of Ariel's exclusive right to sell, exchange or dispose agreement with the Debtor, attached hereto as Exhibit A. In light of the unique circumstances and complexity of this Chapter 11 Case, the Debtor requires the services of a skilled and experienced real estate broker.

9.      Ariel is familiar with the Properties and is well positioned to commence providing the services set forth herein immediately upon retention. The Debtor thus believes Ariel is well qualified to act as their exclusive real estate broker in this case. The Debtor further desires to use Ariel's professional services and Ariel has agreed to perform such services, pursuant to the terms of the Listing Agreement and consistent with Section 328 of the Bankruptcy Code.

10.      As the Debtor's exclusive real estate broker for the Properties, Ariel will assist in listing, marketing and advertising the Properties. Ariel's retention is necessary given the Debtor's need to sell the Properties in a prompt, efficient and cost-effective manner. Further, in light of Ariel's prior knowledge and familiarity with the Properties, Ariel's retention will serve the best interests of the Creditors of the estate, the Debtor and all parties in interest by enhancing the Debtor's ability to obtain the most favorable value for both Properties.

## SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASE

11.      Among the services to be provided by Ariel, all as further described in the Agreement, and subject to Court approval, are the following: listing, marketing and selling of the real estate properties commonly known as and located at 116 West 14th Street #1 New York NY

Block 609 Lot 1001, 40 West 22nd Street #Comm New York NY Block 823 Lot 65, 12 East 13th Street #Com New York NY Block 570 Lot 1201.

12.    The services that will be rendered by Ariel in connection with its proposed engagement are not duplicative of the services to be performed by any of the Debtor's other retained professionals or advisors. The Debtor believes the foregoing services are critical to the success of the proposed sale of the Properties.

### 13. ARIEL PROPERTY ADVISORS LLC'S QUALIFICATIONS

14.    Ariel Property Advisors LLC (the "Ariel") is well-suited to provide the real estate services required by the Debtor. Ariel is a licensed real estate broker in and by the State of New York with substantial experience in the marketing and sale of commercial properties. As a result, Ariel is able to effectively and efficiently market and dispose of residential real estates.

15.    With office located in New York, NY, Ariel is uniquely positioned to help both buyers and sellers with their real estate needs across the State of New York. Their integration of the newest technologies along with their leading agent training programs enable their agents to better serve their customers. The Debtor submits that the employment and retention of Ariel would thus be in the best interests of the Debtor, her estates, and creditors.

### PROFESSIONAL COMPENSATION

9.    As detailed in the Agreement, upon the sale of the Properties, Ariel will be paid a commission (the "**Commission**"), of Court approved sale price of the Properties. The broker's commission's as follows:

1.    12 East 13th Street: (minimum bid of $2.2mm)

- 3% of the first $2.4 million of gross proceeds

- 4% of gross proceeds in excess of $2.4 million up to $2.7 million

- 5% of gross proceeds in excess of $2.7 million

2.  116 West 14th Street: (minimum bid of $3.2mm)

- 3% of the first $3.4 million of gross proceeds

- 4% of gross proceeds in excess of $3.4 million up to $3.7 million

- 5% of gross proceeds in excess of $3.7 million

3.  40 West 22nd Street: (minimum bid of $2.9mm)

- 3% of the first $3.3 million of gross proceeds

- 4% of gross proceeds in excess of $3.3 million up to $3.7 million

- 5% of gross proceeds in excess of $3.7 million

16.    Ariel has not been paid any compensation by the Debtor in connection with this matter to date.

17.    Similar fee arrangements have been approved and implemented in many other chapter 11 cases. See, e.g., In re Lionel LLC., Case No. 04-17324 (BRL) (Bankr. S.D.N.Y. 2006) (authorizing retention of Houlihan, Lokey, Howard & Zukin, Inc. under section 327 and 328(a); In re Oakwood Homes Corp., Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. Aug. 13, 2002) (authorizing retention of Lazard Freres & Co. LLC and subjecting compensation to same standard of review); In re Trans World Airlines, Inc., Case No. 01-00056 (PJW) (Bankr. D. Del. Aug. 22, 2002) (authorizing retention of Rothschild, Inc., as financial advisors for debtors, under sections 327(a) and 328(a) of the Bankruptcy Code); In re Covad Commc'ns. Group, Inc., Case No. 01-10167 (JJF) (Bankr. D. Del. Nov. 21, 2001) (authorizing retention of Houlihan, Lokey, Howard & Zukin, Inc. with compensation subject to standard of review set forth in section 328(a)); In re Casual Male Corp., Case No. 01-41404 (REG) (Bankr. S.D.N.Y. May 18, 2001) (authorizing

retention of Robertson Stephens, Inc., subject to section 328(a) standard of review).

## THE DEBTOR SEEKS AUTHORITY TO
## RETAIN, EMPLOY AND COMPENSATE
## ARIEL PROPERTY ADVISORS LLC UNDER
## SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY
## CODE

18.    The Debtor seeks approval of the Fee Arrangement under the Agreement pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to retain and employ Ariel as its broker in connection with this Chapter 11 Cases, as incorporated in sections 330, and 331 of the Bankruptcy Code and the Bankruptcy Rules. Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

19.    As recognized by numerous courts, Congress intended Section 328(a) to enable debtors to retain professional pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862-63 (5th Cir. 1997); Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.), 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

20.    The Debtor submits that the fee set forth in the Agreement is reasonable under Bankruptcy Code section 328(a) in light of (a) the nature and scope of services to be provided by Ariel, (b) industry practice with respect to the fee structure proposed by Ariel (c) market rates charged for comparable services both in and out of chapter 11; and (d) Ariel's substantial

experience with respect to real estate issues.

21.    In addition, the terms of the Agreement were negotiated in good faith and at arms'-length between the Debtor and Ariel and reflect the Debtor's evaluation of the value and expertise of the work to be performed by Ariel.  The Debtor acknowledges and agrees that the ultimate benefit to the Debtor from Ariel's services likely could not be measured merely by reference to the number of hours to be expended by Ariel's professionals in the performance of such services.

### DISINTERESTEDNESS

22.    Section 327(a) of the Bankruptcy Code provides:

> [T]he trustee, with the court's approval, may employ one or
> more…appraisers, auctioneers, or other professional
> persons, that do not hold or represent an interest adverse to
> the estate, and that are disinterested persons, to represent or
> assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

23. To the best of the Debtor's knowledge, and as set forth in more detail in the Shkury's Affidavit, and subject to the disclosures made therein, Ariel (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

24.    Furthermore, except as disclosed in the Shkury's Affidavit, Ariel has indicated that based on the results of its research conducted to date, and to the best of its knowledge, neither Ariel, nor any employee thereof, has any connection with the Debtor, any creditors of the Debtor's estate, or any other parties-in-interest (as reasonably known to Ariel) or their respective attorneys and accountants, or other advisors, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

25. Ariel was not owed any amounts by the Debtor as of the Petition Date and does not hold a claim against the Debtor's estate. Ariel has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Skury's Affidavit, Ariel will promptly disclose such information to this Court, the Debtors, and the U.S. Trustee.

26. The Debtor has also been advised that Ariel has not agreed to share with any person or firm, other than its own members and employees and any outside broker representing a purchaser of the Properties, as required by the terms of the Agreement, the compensation to be paid for professional services rendered in connection with this case.

## FEE APPLICATION

27. Ariel's fees and expenses in this Chapter 11 Case shall be subject to final approval of the Court upon proper application by Ariel in accordance with procedures for the allowance of final compensation applicable to professionals in this Chapter 11 Case, and in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, as those procedures may be modified or supplemented by order of this Court.

28. The Debtor's retention of Ariel pursuant to the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its creditors and its estate. Based on the foregoing, the Debtor requests that the Court enter an Order, substantially in the form annexed hereto, approving Ariel's retention as excusive real estate broker for the Debtor with respect to the Property, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and approving the terms of the Agreements.

## NO PREVIOUS REQUEST

29. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the relief requested and such other or further relief as is just.

Dated: Brooklyn, New York
      September 9, 2025

                                           /s/ Alla Kachan
                                           Alla Kachan, Esq.
                                           Law Offices of Alla Kachan, P.C.
                                           2799 Coney Island Avenue,
                                           Suite 202
                                           Brooklyn, NY 11235
                                           Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                            Case No.: 1-24-40105-jmm

      Chabad of Gramercy Park,                         Chapter 11

      Debtor.
---------------------------------------------------------X

## AFFIDAVIT OF SHIMON SHKURY IN SUPPORT FOR THE RETENTION OF ARIEL PROPERTY ADVISORS LLC AS REAL ESTATE BROKER <u>TO THE DEBTOR</u>

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF KINGS     )

      **SHIMON SHKURY**, the president of Ariel Property Advisors LLC, being duly sworn, deposes and says:

1. I am the President of **Ariel Property Advisors LLC** ("Ariel"), a real estate brokerage firm with its principal office located at 122 East 42nd Street, Suite 2405, New York, NY 10168.

2. I submit this affidavit in connection with the application of **Chabad of Gramercy Park** (the "Debtor") to retain Ariel as its real estate broker in this Chapter 11 case.

3. Ariel is a full-service real estate brokerage firm with substantial experience in marketing and selling properties of the type involved in this matter.

4. Ariel is duly licensed to conduct business as a real estate broker in the State of New York.

5. To the best of my knowledge and belief, Ariel does not hold or represent any interest adverse to the Debtor's estate. Ariel is not related to the Debtor, the Debtor's counsel, any creditor, any other party in interest, their attorneys or accountants, the United States Trustee, any person employed by the Office of the United States Trustee, or the Judge presiding over this case and her staff. Ariel is a "disinterested person" as that term is defined in sections 101(14) and 327(a) of the United States Bankruptcy Code.

6. Ariel proposes to market and offer for sale the Debtor's real properties commonly known as and located at:

   - 116 West 14th Street, Unit #1, New York, NY (Block 609, Lot 1001)
   - 40 West 22nd Street, Commercial Unit, New York, NY (Block 823, Lot 65)
   - 12 East 13th Street, Commercial Unit, New York, NY (Block 570, Lot 1201) (collectively, the "Property").

7. I respectfully request that the Court authorize the retention of Ariel as the Debtor's real estate broker, pursuant to the terms and conditions set forth in the attached Listing Agreement.

8. There is no agreement or understanding between Ariel and any other person or entity for the sharing or division of compensation to be received in connection with this Chapter 11 case, except as may be authorized by the Court (such as payment of a portion of a commission to a cooperating broker).

9. Neither I nor Ariel has entered into, nor will enter into, any agreement prohibited by Section 504 of Title 11 or Section 155 of Title 18 of the United States Code.

10. Ariel understands and agrees that any commission or reimbursement of expenses for services rendered in this matter will only be paid after approval by the Court upon proper application.

WHEREFORE, your deponent respectfully requests that the Court enter an appropriate Order authorizing the retention of Ariel Property Advisors LLC as real estate broker for the Debtor.

Dated: September 8, 2025
      New York, NY

                                             Shimon Shkury on behalf of
                                             Ariel Property Advisors LLC

Sworn Before Me on This
8 Day of September , 2025
*Remi Mandell*
Notary Public

REMI MANDELL
Notary Public - State of New York
No. 01MA0010691
Qualified in Nassau County
My Commission Expires 07/10/2027

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                        Case No.: 1-25-40105-JMM

        Chabad of Gramercy Park,                       Chapter 11

                                   Debtor.
--------------------------------------------------------X

### ORDER AUTHORIZING DEBTOR TO RETAIN <u>ARIEL PROPERTY ADVISORS LLC</u> AS REAL ESTATE BROKER FOR THE DEBTOR PURSUANT TO SECTIONS 327(A) AND 328(A) OF BANKRUPTCY <u>CODE AND BANKRUPTCY RULE 2014(A)</u>

Upon the Application (the "**Application**") Chabad of Gramercy Park (the "**Debtor**"), as

the debtor and debtor-in-possession in this Chapter 11 case, dated September 9, 2025, for an order,

pursuant to Section 327(a) and 328(a) of Title 11, United States Code (the "**Bankruptcy Code**"),

authorizing the Debtor to employ and retain Ariel Property Advisors LLC ("**Ariel**"), as its

exclusive real estate broker, all as more fully set forth in the Application; and upon the declaration

of Shimon Shkury, the president of Ariel Property Advisors LLC (the "**Shkury's Affidavit**"),

dated September 8, 2025, and annexed to such Application; and it appearing that the Court has

jurisdiction to consider the Application and the relief requested therein; and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court being satisfied based on the representations made in the Application and the Shkury's

Affidavit that Ariel is a "disinterested" person within the meaning of Sections 101(14) and 327(a)

of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of

the Debtor, their creditors, and all parties-in-interest; and it appearing that due and appropriate

notice of the Application has been given under the circumstances; and it appearing that no other

or further notice need be given; and after due deliberation; and sufficient cause appearing that no

other or further notice be given; and after due deliberation; and sufficient cause appearing

therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with Section 327(a) and 328(a)of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain Ariel Property Advisors LLC as its exclusive real estate broker on the terms set forth in the Application and the Shkury's Affidavit, to perform all of the services set forth in the Application, on the terms set forth in the Application and in the Shkury's Affidavit.

3. The terms and provisions of the Agreement are approved, and the Debtor is authorized to compensate Ariel in accordance with the Agreement, provided however, that Ariel will file a final fee application in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules Local Rules and any Orders entered by the Court.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# EXHIBIT A

Docusign Envelope ID: 63A9C8EB-5C6A-4C31-95AA-BEDFF8B263FE

**Ariel**
PROPERTY ADVISORS

Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 | arielpa.com

August 27, 2025

Chabad Of Gramercy Park

This Exclusive Right to Sell, Exchange or Dispose Agreement ("Agreement") sets forth the agreement between Chabad Of Gramercy Park ("Owner") and Ariel Property Advisors, LLC, a Licensed Real Estate Broker ("Listing Broker") with respect to the premises listed in Section A of the Attached Addendum (each individually a "Property" and collectively, the "Properties"). Owner hereby grants to Listing Broker the exclusive right, as broker and as an agent of Owner, to sell, exchange, lease or otherwise dispose of any portion or all of the Properties according to the following Terms and Conditions:

1. Subject to approval by the United States Bankruptcy Court for the Eastern District of New York, this Agreement shall be effective upon execution by the parties ("Execution Date") and shall remain in effect for a period of 6 months thereafter, unless terminated earlier in accordance with the terms and provisions of this agreement. Owner or Listing Broker shall have the right to cancel this agreement at any time for any reason or no reason upon 30 days written notice to the other party. Notwithstanding anything contained herein to the contrary, if any Property is in contract at the expiration of the term or any extension hereof, then the term shall be automatically extended until the earlier of the following: (a) the date of such contemplated sale of the applicable Property, (b) the date the contract is canceled, and (c) three (3) months after the date that the listing agreement expires.

2. During the term of this exclusive right, Owner agrees to refer to Listing Broker all inquiries, proposals and offers received by Owner or its representatives regarding each of the Properties, including, but not limited to, those from principals, agents, and other brokers, and Owner agrees to conduct all negotiations with respect to the sale, leasing or other disposition of the Property solely and exclusively through Listing Broker and to advise all persons of this exclusive right.

3. If during the term or any extension Owner either (a) sells the Property to any person or entity or (b) executes a contract for sale of the Property with any person or entity, which thereafter closes pursuant to the terms thereof following expiration of the term, then subject to the terms and conditions set forth in this Agreement, Owner agrees to pay to Listing Broker, and Listing Broker agrees to accept, as its compensation, a commission as set forth in accordance with Section B in the annexed addendum, whether such sale is affected by Listing Broker, by Owner, or by another broker. Commissions will be due and payable simultaneously with the closing or other consummation for the sale, lease or otherwise deposal of the Property. Owner hereby authorizes and instructs each escrow agent or counsel (without need for further authorization or permission) to pay Listing Broker its fees earned in strict compliance with the provisions of this Agreement, time being of the essence, directly from the proceeds of the transaction.

4. In the event that another licensed real estate broker represented the buyer, then Owner shall pay to Listing Broker one full commission out of which Listing Broker shall compensate the Outside Broker(s) pursuant to a separate co-brokerage agreement entered into by and between the brokers (up to 50% of the full commission), when said full commission is actually received by Listing Broker.

5. Listing Broker agrees that within fifteen (15) business days after the expiration or earlier termination of the listing term, to provide Owner with a list of no more than fifteen (15)

Docusign Envelope ID: 63A9C8EB-5C6A-4C31-95AA-BEDFF8B263FE



Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 | arielpa.com



names of persons or entities who have inquired about the Property. If within 90 days after the expiration or earlier termination of the listing term a contract is signed or negotiations continue and ultimately lead to a signed contract for the sale, lease, exchange, or other disposition of the Property to a person on said list (or to an entity with whom said person is affiliated in any way), Listing Broker shall be entitled to the commissions provided for in paragraph 3 of this Agreement.

6. Any controversy or claim arising out of or relating to this agreement or breach of performance thereof shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  Owner hereby agrees to pay Listing Broker legal fees, if any, in connection with any action or proceeding commenced by Listing Broker due to Owner's failure to make the commission payment, if any, earned hereunder.

7. The undersigned represents and warrants that he/she either is the fee owner of the Property or has the authority to sign this agreement on behalf of the fee owner of the Property and agrees to be bound hereby.

8. This agreement shall bind and benefit the personal representatives, successors and assigns of the parties.

9. This agreement, which constitutes the entire agreement between Owner and Listing Broker, may not be changed, rescinded or modified except in an agreement in writing signed by both parties.

10. Broker shall not be responsible for any out-of-pocket due diligence costs and expenses, if any, including but not limited to court mandated advertising, appraisals, title reports, surveys, environmental reports, property condition assessment, zoning analyses, etc., which shall be borne by the Owner.

If the foregoing terms and conditions are satisfactory, please execute this Agreement in duplicate where indicated below, and return one to the undersigned.

The foregoing is accepted:
Chabad Of Gramercy Park

By: _____    Date: 9/5/2025

Name:  Naftali Rotenstreich
_____

ARIEL PROPERTY ADVISORS LLC

By: _____    Date: 8/27/2025
Shimon Shkury, President

Docusign Envelope ID: 63A9C8EB-5C6A-4C31-95AA-BEDFF8B263FE

**Ariel**
PROPERTY ADVISORS

Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 | arielpa.com

<u>Addendum</u>

Section A:

This Agreement applies to the following properties and corresponding ownership entities:

| Address | City/State | Block | Lot |
|---|---|---|---|
| 116 West 14th Street #1 | New York, NY | 609 | 1001 |
| 40 West 22nd Street #COMM | New York, NY | 823 | 65 |
| 12 East 13th Street #COM | New York, NY | 570 | 1201 |

Section B: Commission

With respect to a sale of any individual Property listed above (each a "Transaction"), the Listing Broker shall be entitled to a commission as follows with respect to such Transaction:

12 East 13th Street: (minimum bid of $2.2mm)

- 3% of the first $2.4 million of gross proceeds
- 4% of gross proceeds in excess of $2.4 million up to $2.7 million
- 5% of gross proceeds in excess of $2.7 million

116 West 14th Street: (minimum bid of $3.2mm)

- 3% of the first $3.4 million of gross proceeds
- 4% of gross proceeds in excess of $3.4 million up to $3.7 million
- 5% of gross proceeds in excess of $3.7 million

40 West 22nd Street: (minimum bid of $2.9mm)

- 3% of the first $3.3 million of gross proceeds
- 4% of gross proceeds in excess of $3.3 million up to $3.7 million
- 5% of gross proceeds in excess of $3.7 million

Notwithstanding anything contained herein, if a Property is transferred to EMG Transfer Agent LLC (or its designee, the "Secured Creditor") as credit bidder at an auction sale, a commission equal to $50,000 shall be payable to Listing Broker with respect to such Transaction, but (1) the Secured Creditor shall agree to continue to retain Listing Broker to assist it in marketing and selling any such Property or Properties, and (2) Listing Broker shall be entitled to a commission in the event of a subsequent sale by the Secured Creditor within 180 days after the transfer to the Secured Creditor, with the $50,000 commission already paid to be credited against the commission schedule outlined above, being payable by the Secured Creditor and not Owner.

Further, notwithstanding anything contained herein, any commission payable under this Agreement with respect to a Transaction shall be due and payable only as, if, and when title passes at a closing of the sale of the Property in accordance with the terms hereof.