Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                    Case No.: 1-25-40105-jmm

    Chabad of Gramercy Park,                               Chapter 11

                              Debtor.
------------------------------------------------------X

## OBJECTION TO MOTION OF EMG TRANSFER AGENT LLC FOR A RULE 2004 EXAMINATION OF THE DEBTOR

**TO THE HONORABLE JIL MAZER-MARINO**
**UNITED STATES BANKRUPTCY JUDGE:**

       The Debtor, Chabad of Gramercy Park (the "Debtor"), by their undersigned counsel, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., (the "Attorney"), respectfully submits this Objection (the "Objection") to the Motion of EMG Transfer Agent LLC, (the "Movant") for an order directing a Rule 2004 examination and document production of the Debtor (the "Motion for 2004 Examination") and in support thereof, avers as follows:

### VENUE

       1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

2. The Motion should be denied in its entirety. The Movant has failed to demonstrate good cause for the broad and burdensome discovery it seeks, which amounts to an impermissible fishing expedition. The Debtor has already provided extensive disclosures through its petition, schedules, statement of financial affairs ("SOFA"), amended SOFA, testimony at the Section 341 meeting, and ongoing communications with the Secured Lender and other parties in interest. Much of the information sought is already available to the Movant or can be obtained through less intrusive means. Granting the Motion would impose undue burden and expense on the Debtor's estate at a critical juncture in this Chapter 11 case, where the Debtor is focused on reorganization and maximizing value for all creditors.

3. Moreover, the Requested Documents, as outlined in Exhibit B to the Movant's Motion, are overly broad, vague, unduly burdensome, and seek information that is irrelevant, privileged, or protected. The Debtor objects to each request on these and other grounds, as detailed below. For these reasons, the Court should deny the Motion and grant such other and further relief as it deems just and proper.

## BACKGROUND

4. On January 8, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

5. On October 24, 2025, EMG Transfer Agent LLC, by counsel, filed a motion for an order directing a Rule 2004 examination of the Debtor. *See ECF Doc. No. 141.*

6. Since the Petition Date, the Debtor has complied with its disclosure obligations. The Debtor timely filed its schedules and SOFA, which were later amended to provide additional detail. At the Section 341 meeting held on February 14, 2024, the Debtor's principal provided detailed testimony regarding the Debtor's operations, finances, and prepetition transfers. The Debtor has also engaged in good-faith negotiations with the Secured Lender regarding use of cash collateral, exclusivity extensions, and a potential plan of reorganization.

7. The Debtor filed a plan of reorganization (the "Plan") and disclosure statement (the "Disclosure Statement") on September 5, 2025, which outlines a path to satisfy the Secured Lender's claim through a sale of certain Initial Sale Properties and retention of equity value. *See ECF Doc. No. 125 & 126.* Contrary to the Movant's assertions, the Plan is not "woefully inadequate" but represents a viable framework that the Debtor is actively refining based on ongoing discussions

8. In the referenced motion for a 2004 Examination and Production of Documents, the Movant is asking the Court for an order directing the Debtor to appear for an examination and to produce the documents (the "Documents") identified in the Request for Documents attached to the Movant's motion.

9. The Debtor opposes the position of the Movant, for the foregoing reasons.

## ARGUMENT

10. Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") provides that "[o]n motion of any party in interest, the court may order the examination of any entity." *Fed. R. Bankr. P. 2004(a).* "The purpose of a Rule 2004 examination is to show the condition of the estate and enable the Court to discover its extent and whereabouts, and to

come into possession of it, [so] that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr E.D.N.Y. 1991) *quoting Cameron v. United States*, 231 U.S. 710, 717 (1914). The scope of a Rule 2004 examination, however, is restricted by Rule 2004(b), which provides that such examination may "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's discharge…and any other matter relevant to the case or to the formulation of a plan." *Fed. R. Bankr. P. 2004(b)*. Moreover, while Rule 2004 may be used to discover information about estate property, "it is not a proper means to inquire with respect to non-estate property." *See In re Hilsen*, 2008 Bankr. LEXIS 2123, *12 (Bankr. S.D.N.Y. 2008).

11. Rule 2004 is not limitless, and the Court has discretion to define the scope of the examination by limiting or conditioning its use. *See Martin v. Schaap Moving Sys.*, 1998 U.S. App. LEXIS 15255, *6-7 (2d Cir. 1998); *see also In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr E.D.N.Y. 1999) (finding that "however vigorous and broad discovery may be under a Rule 2004 examination, there are well-established limits" such as where discovery is oppressive, over-reaching, conducted in bad faith or for improper purposes); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (noting that Rule 2004 can be compared to a "fishing expedition," but recognizing that "the net, in the discretion of the Court, can be carefully stitched to limit its catch," and that Rule 2004 may not be used to "annoy, embarrass, or oppress the party being examined").

12. Further, "Rule 2004 requires [courts to] balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).*

13. Moreover, "the party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks... and relief lies within the discretion of the Bankruptcy Court." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLc, No. 09-11893-SMB, 2014 WL 548627.9, at \*2 (Bankr, S.D.N.Y. Oct. 30, 2014).* "Generally, good cause is shown if [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or of denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004).*

14. It is the Debtor's position that the Movant has failed to establish good cause for a Rule 2004 examination and document production. Here, the Movant has not met their burden of showing good cause for the document production they seek. The Motion relies on vague allegations of "inadequate" disclosures and "contradictions" in the Debtor's Section 341 testimony but fails to specify what information is missing or how it is essential.

15. For one, the Debtor's schedules, SOFA, and amended SOFA already disclose prepetition transfers, including to insiders, within the required look-back periods. Financial details regarding revenues (e.g., tuition payments and donations) and expenses were addressed at the Section 341 meeting, painting a consistent picture of a small business debtor with approximately 50 employees. Further, the Secured Lender has access to public records, loan documents, and prior communications, rendering much of

the request duplicative. Additionally, The case has been pending for nearly ten months, during which the Debtor has cooperated with the Secured Lender on cash collateral stipulations and exclusivity extensions. Furthermore, the Debtor and the Lender herein, are on track to a consensual sale of three of the five mortgaged properties, securing the Movant's mortgage. The motion to retain the real estate broker,           , was filed on        . Debtor's counsel has to date returned comments to the lender's bidding procedures, and the motion to approve said bidding procedures will be filed as soon as the edits are finalized.

16. Granting the instant Motion would disrupt the Debtor's reorganization efforts, imposing significant costs for document collection and preparation without commensurate benefit. Courts routinely deny Rule 2004 motions where, as here, the movant seeks to harass or unduly burden the Debtor, or else apply additional pressure, where consensual settlement efforts are ongoing, albeit at a slower pace than the Movant would have liked.

17. The Movant's document requests with the Debtor's respective positions are attached herein as **Exhibit A.** In general, the Debtor is ready, willing and able to provide documentation and information, to the extent that they are available, relevant and appropriate, within the scope of a 2004 request for information and document production.

**WHEREFORE**, the Debtor respectfully requests that the Honorable Court deny the Movant's motion, or in the alternative, limit the scope of the Rule 2004 requests, and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York          /s/ *Alla Kachan, Esq.*

November 4, 2025

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
*Attorneys for the Debtor*
2799 Coney Island Avenue,
Suite 202
Brooklyn, New York 11235

## EXHIBIT A
## DOCUMENT REQUESTS MADE BY MOVANT TO THE DEBTOR

1. <u>From the date that is two (2) years prior to the Petition Date through and including the date of your response, copies of documents and financial statements demonstrating the income and expenses of the Debtor, including balance sheets, cash flow statements, bank statements, cash receipts journals, profit and loss statements, and operating or other financial statements indicating monthly revenues and expenses.</u>

This request is overly broad, unduly burdensome, and seeks irrelevant information. The Debtor has already disclosed key financials in its schedules, SOFA, and Section 341 testimony. Production would require compiling voluminous records with minimal relevance to the Movant's secured claim.

2. <u>From the date that is two (2) years prior to the Petition Date through and including the date of your response, copies of documents, including contracts and agreements, relating to the use, occupancy, management, and operations of 121 W 19th and 105-07 E 16th, and each of the Initial Sale Properties.</u>

This request is overly broad and irrelevant. The Movant, as the Secured Lender, already possesses or has access to key loan and security documents. Requests for "all documents" related to operations exceed the scope of Rule 2004.

3. From the date that is two (2) years prior to the Petition Date through and including the date of your response, all documents and communications constituting, referring, or relating to valuation, appraisal, broker price opinion, market analysis, or other assessment or analysis of value of 121 W 19th and 105-07 E 16th, and each of the Initial Sale Properties.

This request is unduly burdensome and seeks privileged information. Any prepetition valuations were for internal or financing purposes and may be protected as work product. The Debtor's Plan provides for retention of equity based on current estimates and historical valuations are not material.

4. From the date that is two (2) years prior to the Petition Date through and including the date of your response, all documents and communications concerning any expressions of interest, offers, proposals, or inquiries from any third parties, insiders, affiliates, or related entities regarding the potential purchase of 121 W 19th and 105-07 E 16th, and each of the Initial Sale Properties.

This request is overbroad, vague, and irrelevant. This seeks speculative communications that do not bear on the estate's current administration. Production would require searching extensive records for minimal value.

5. From the date that is two (2) years prior to the Petition Date through and including the date of your response, all documents and communications constituting, referring to, or relating to any liquidation analysis, hypothetical liquidation scenario, or comparison of plan recoveries to liquidation recoveries, including any such analyses prepared by or for the Debtor in connection with the Plan and Disclosure Statement.

This request is irrelevant and protected by privilege. These are internal projections prepared in anticipation of bankruptcy and are attorney work product. The Disclosure Statement already addresses feasibility and there is no good cause for deeper intrusion.

6. From the date that is two (2) years prior to the Petition Date through and including the date of your response, all documents and communications concerning the expected source(s) of funding for Plan payments not covered by the sale of assets, including but not limited to: (a) any anticipated financing, capital contributions, loans, new value contributions, or other funding arrangements; (b) any commitments, term sheets, letters of intent, or correspondence with potential investors, lenders, or insiders; (c) any cash flow projections, budgets, or financial models reflecting such funding sources; and (d) any internal analyses or communications regarding the feasibility or availability of such funding.

This request is overbroad and seeks post-petition information improperly. Funding discussions are ongoing, and prepetition documents are irrelevant to the Movant's claim satisfaction.

7. From the date that is two (2) years prior to the Petition Date through and including the date of your response, all financial projections, budgets, and feasibility analyses you considered in preparing the Plan and Disclosure Statement.

This request is overbroad, unduly burdensome, and privileged. These are forward-looking and tied to reorganization strategy, protected under work-product doctrine. The Movant can assess feasibility through the confirmation process.

8. From the date that is four (4) years prior to the Petition Date through and including the date of your response, all documents relating to any transfer (of money, property, or value) by the Debtor to insiders, non-insiders, affiliates, or related entities showing the purpose, consideration, recipient, and circumstances of each transfer, including any documents referring to such transfers as loans, donations, gifts, or otherwise, and all related loan agreements, promissory notes, correspondence, repayment schedules, receipts, or other evidence of the terms and conditions of such transfers.

This request is duplicative and overly broad. The SOFA and amended SOFA already disclose such transfers within the statutory periods.

9. <u>From the date that is four (4) years prior to the Petition Date through and including the date of your response, all documents and communications concerning the Debtor's financial condition, solvency, capital, or ability or inability to pay debts as they became due at the time of, or immediately following, any transfer made during the four (4) years preceding the Petition Date.</u>

This request is vague, overly broad, and irrelevant. This encompasses nearly all financial records over an excessive period, far beyond what's necessary. Much is already public or provided and no specific deficiency is alleged.