Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                                    Chapter 11

  Chabad of Gramercy Park,                               Case No.: 1-25-40105-jmm

                 Debtor.
------------------------------------------------------X

## MOTION TO BE RELIEVED AS COUNSEL

**TO THE HONORABLE JIL MAZER-MARINO,**
  **UNITED STATES BANKRUPTCY JUDGE:**

      The Debtor's counsel, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C.,

respectfully requests herein, pursuant to E.D.N.Y. Local Bankruptcy Rule ("LBR") 2090-1(d) and

Rule 1.16(b) & (c) of the New York Rules of Professional Conduct, for an order relieving Alla

Kachan, Esq as the Debtor's counsel in this Bankruptcy case, and in support thereof avers as

follows:

### JURISDICTION AND VENUE

    1.  This Court has jurisdiction over this proceeding under 28 U.S.C. §157(a)-(b) and 1334(b).

This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue in this Court is proper, pursuant

to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On January 8, 2025, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *ECF Doc. No. 1.*

3.  There has been a breakdown in communication between Counsel and the Debtor, specifically Counsel and the Debtor do not agree on the appropriate manner of financial management of the case in accordance with the appropriate Bankruptcy Code rules and guidelines, resulting in irreconcilable differences that make continued representation unreasonably difficult, impracticable, and inconsistent with professional responsibilities of counsel.

4.  Therefore, Debtor's counsel now seeks to be relieved as attorney of the record.

5.  In support of this motion, the Debtor's Counsel avers as follows:

## RELIEF REQUESTED

6.  As stated, the breakdown in communication between the parties and the lack of agreement on the way to conduct proper financial management of the case, in accordance with the applicable Bankruptcy Code rules, guidelines and professional responsibility of counsel, have made continued representation unreasonably difficult, impracticable, and consistent with professional responsibilities.

7.  Withdrawal will not prejudice the Debtor, the estate, or other parties in interest, and there will be no material adverse effect on the interests of the Debtor, as Debtor's counsel has continued to provide diligent representation to the Debtor and will continue to do so until entry of an order relieving counsel as counsel of the record. Therefore, withdrawal is proper here pursuant to Rule 1.16(c)(1) of the New York Rules of Professional Conduct.

8. Withdrawal in this case is proper pursuant to 1.16(b)(1) of the New York Rules of Professional conduct which states "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law". Here, the breakdown in communication has led to a fundamental disagreement about the proper financial administration of the case, and thus Debtor's counsel can no longer represent the Debtor in the instant case.

9. Withdrawal is also proper pursuant to 1.16(c)(4) and (7) of the New York Rules of Professional Conduct. As stated, Debtor and Debtor's counsel can no longer agree on a way to financially manage the case, which has led to a fundamental disagreement on how to proceed substantively in the case, and has made continued representation unreasonably difficult. Likewise, the Debtor has failed to cooperate with counsel which has made it unreasonably difficult for Debtor's counsel to carry out her employment effectively.

10. Pursuant to E.D.N.Y. L.B.R 2090-1(d), Debtor's counsel will provide notice to all parties in interest including the Debtor and the United States trustee. An affidavit of Alla Kachan, Esq. is attached to this motion. *See Kachan Affidavit.*

11. Upon entry of an order granting this motion, Movant will provide the Debtor with copies of all files and papers related to this case upon request. Movant hereby reserves the right to file a fee application for services rendered to date.

**WHEREFORE**, the Debtor's counsel respectfully requests that the Court enter an order permitting the Law Offices of Alla Kachan to withdraw as counsel from this case, and for such other relief which the Court deems just and proper.

Dated: Brooklyn, New York
      November 11, 2025

                                        */s/Alla Kachan*
                                        Alla Kachan, Esq.
                                        Law Offices of Alla Kachan
                                        2799 Coney Island Avenue, Suite 202

Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                                Chapter 11

   Chabad of Gramercy Park,                                Case No.: 1-25-40105-jmm

                     Debtor.
------------------------------------------------------X

### AFFIDAVIT OF ALLA KACHAN, ESQ IN SUPPORT OF MOTION TO
### BE RELIEVED AS COUNSEL

     I, Alla Kachan, Esq., the counsel for the petitioning Debtor, Chabad of Gramercy Park, hereby affirms under penalty of perjury as follows:

1. I am an attorney for the petitioning Debtor, Chabad of Gramercy Park, and I am a member of the law firm of the Law Offices of Alla Kachan, P.C.

2. I make this motion to withdraw as a counsel of record for the aforesaid client, pursuant to Rule 2090-1(d) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

3. The matters set forth herein are true to my own knowledge.

4. Pursuant to Local Bankruptcy Rule 2090-1(d) "an attorney who has…(iii)appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any

4

adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters."

5. Further, pursuant to Local Rule 1.4 of the Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ."

6. Rule 1.16(b) of the New York's Rules of Professional Conduct governs mandatory withdrawal of counsel. It provides that "a lawyer shall withdraw from the representation of a client when . . . (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of the law". See NYRPC, Rule 1.16(b).

7. Rule 1.16(c) of the New York's Rules of Professional Conduct governs permissive withdrawals of counsel. As relevant, it provides that "a lawyer may withdraw from representing a client when . . . (4) the client insists upon taking an action with which the lawyer has a fundamental disagreement . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]" See NYRPC, Rule 1.16(c).

8. In this District, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." United States v. Lawrence Aviation Indus., No. 06–CV–4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). In this regard, satisfactory reasons for withdrawal include "a client's lack of cooperation,

including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions, No. 12–CV–2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014).

9. On January 8, 2025, the Debtor through his counsel filed a Chapter 11 voluntary petition in this case. *See ECF Doc. No. 1.*

10. There has recently been a breakdown in communication between counsel and the Debtor, and counsel and the Debtor do not agree on the proper way to financially manage the case, in accordance with applicable Bankruptcy Code provisions and guidelines, resulting in irreconcilable differences that make continued representation unreasonably difficult and impracticable, and inconsistent with professional responsibilities. Further, case administration has become impossible due to the differing opinions on the proper management the case between the parties.

11. Accordingly, for the reasons stated above, I respectfully request the Court issue an order allowing me and the Law Offices of Alla Kachan, P.C. to be removed as counsel of record for the Debtor, Chabad of Gramercy Park, and instruct the Clerk of the Court to remove Counsel from any applicable service list in the above-captioned case. A proposed order is attached as **Exhibit A.**

12. I certify that the foregoing statements made by me are true.


Dated: Brooklyn, New York                    */s/ Alla Kachan*
      November 11, 2025                    Alla Kachan, Esq.
                                      Law Offices of Alla Kachan
                                      2799 Coney Island Avenue, 2nd Fl.
                                      Brooklyn, NY 11235
                                      Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                    Chapter 11

   Chabad of Gramercy Park,                                Case No.: 1-25-40105-jmm

                                    Debtor.
-------------------------------------------------------X

## ORDER GRANTING RELIEF AS COUNSEL

      Upon the motion dated November 11, 2025 ("Motion") [ECF #___] of Alla Kachan, Esq.

of the Law Offices of Alla Kachan, P.C., seeking entry of an Order allowing Debtor's counsel to

withdraw from the case; and it appearing that the Court has jurisdiction over this matter pursuant

to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28

U.S.C.§ 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C.§

1408; and notice of the Motion and the proposed order appearing adequate and appropriate under

the circumstances; and the Court having found that no other or further notice need be provided;

and the Court having reviewed the Motion; and the Court having determined that the legal and

factual bases set forth therein establish cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted, and the Law Offices of Alla Kachan, P.C. are relieved as counsel in this case; and it is further;

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.