**HERRICK, FEINSTEIN LLP**
Steven B. Smith
Two Park Ave
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
ssmith@herrick.com

*Attorneys for 40 W. 22nd St. Tenants Cooperative Corp.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------- x
::
In re:  :
: Chapter 11
CHABAD OF GRAMERCY PARK :
: Case No.: 25-40105-jmm
Debtor. :
:
------------------------------------- x

## STATEMENT AND JOINDER OF 40 W. 22ND ST. TENANTS COOPERATIVE CORP. IN SUPPORT OF THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

40 W. 22nd St. Tenants Cooperative Corp. ("40 TCC"), by and through its undersigned counsel, hereby respectfully submits this statement and joinder in support of the appointment of a chapter 11 trustee (the "Statement") in accordance with this Court's *Order: (A) To Show Cause Why The Court Should Not Appoint A Chapter 11 Trustee; And (B) Scheduling Hearing On The Law Offices Of Alla Kachan P.C.'s Motion To Withdraw As Counsel For The Debtor And Debtor In Possession* [Dkt. No. 161] (the "OTSC"). In support hereof, 40 TCC respectfully submits and states as follows:[1]

---

[1] A detailed description of: (i) 40 TCC's lease; (ii) the Debtor's delinquent payment history and eviction proceeding; and (iii) 40 TCC's pre- and post-petition arrears, can be found in 40 TCC's Motion to Compel.

## BACKGROUND

1. On March 13, 2025, 40 TCC filed its *Motion By 40 W. 22nd St. Tenants Cooperative Corp. For Entry Of An Order: (I) Pursuant To 11 U.S.C. §§ 365(d)(3) And 503(b), Compelling Debtor To Immediately Pay Administrative Rent And Assume Or Reject The Lease; (II) Compelling The Debtor To Assume Or Reject The Lease; (III) Alternatively Pursuant To 11 U.S.C. § 362 Granting Relief From The Automatic Stay; And (IV) Granting Related Relief* [ECF No. 27] (the "Motion to Compel").

2. On April 2, 2025, 40 TCC filed its *Joinder Of 40 W. 22nd St. Tenants Cooperative Corp. In Objection Of EMG Transfer Agent LLC To Motion Of Debtor Pursuant To 11 U.S.C. § 1121(d) To Extend Exclusivity Period To File Plan Of Reorganization And Disclosure Statement And Solicit Acceptances* [ECF No. 66] in which it argued that the Debtor had made no good faith progress toward reorganization and, therefore, no cause existed to extend the Debtor's exclusive periods.

3. On or about August 7, 2025, 40 TCC received draft bid procedures and a motion to approve same (the "Bid Procedures Motion") from EMG Transfer Agent LLC ("EMG") and promptly shared comments with EMG and the Debtor.

4. On September 5, 2025, the last day of the Debtor's exclusive period within which to file a plan, the Debtor filed a barebones plan which, as the Court noted in the OTSC, is not facially confirmable.

5. On November 4, 2025, the Debtor's exclusive periods lapsed due to the Debtor's failure to solicit acceptances to a plan or to otherwise seek a further extension of such periods.

6. On November 14, 2025, after three months of delay, the Debtor finally agreed to file the Bid Procedures Motion [Dkt. No. 160] as a joint motion together with EMG.

7. On November 17, 2025, the Court filed its OTSC.

8. On December 2, 2025, the Court entered an Order (the "Order to Compel") [Dkt. No. 170] directing the Debtor to immediately pay 40 TCC the full amount of $44,100.76, representing outstanding post-petition rent through November, but excluding other maintenance and professional fees, and assessments, all of which constitutes rent under 40 TCC's lease and related documents and must therefore be paid. Not surprisingly, the Debtor missed its December 1 payment.[2]

9. On December 3, 2025, a number of parties filed statements in support of the appointment of a chapter 11 trustee including: (i) EMG's *Statement In Support Of The Appointment Of A Chapter 11 Trustee* [Dkt. No. 172] (the "EMG Statement"); and (ii) the Office of the United States Trustee's *Statement In Support Of Appointment Of A Chapter 11 Trustee* [Dkt. No. 171].

## JOINDER

10. 40 TCC joins in, and adopts and incorporates herein, the arguments advanced by EMG in the EMG Statement.[3]

11. The Debtor has purposefully and successfully delayed this Chapter 11 Case for eleven months without making any meaningful progress towards proposing a confirmable plan.

---

[2] The last rent payment 40 TCC received from the Debtor was a partial payment made on September 26, 2025.
[3] For the avoidance of any doubt, and as noted in paragraph 8 of the EMG Statement, 40 TCC asserts it holds a first-priority lien on and a perfected security interest in the Co-Op Interests with priority over EMG's prepetition liens and collateral.

3

As the Court noted in its OTSC, "the Debtor has failed to develop or implement a business plan enabling the Debtor to emerge from chapter 11." *See* OTSC at p.2.

12. While the Debtor has been enjoying the benefits of chapter 11—including the benefits of 40 TCC's lease—it has consistently failed to make timely rent payments to 40 TCC, accumulating over $170,000 in overdue rent, late fees and special assessment fees owed to 40 TCC and forcing 40 TCC to chase after the Debtor, and seek relief from this Court, to receive payments the Debtor is otherwise required to make pursuant to the Bankruptcy Code. And, although the Court recently entered the Order to Compel, the $44,100.76 and significant additional amounts, including the December 1 rent payment, remain unpaid.

13. Worse, the record in this Chapter 11 Case reveals financial mismanagement and irregularities, misuse of estate assets, and obstructionism, which resulted in the Debtor's counsel filing an emergency motion seeking to withdraw from her representation of the Debtor pursuant to Rule 1.16(b)(1) of the New York Rules of Professional Conduct.[4]

14. For these reasons, and those set forth in the EMG Statement, 40 TCC respectfully submits that, pursuant to section 1104(a) of the Bankruptcy Code: (i) sufficient cause exists to support the appointment of a chapter 11 trustee; and (ii) appointing a chapter 11 trustee is in the best interests of creditors and any other interests of the estate.

[*Remainder of page intentionally left blank*]

---

[4] Professional Rule 1.16(b)(1).4 requires a lawyer to withdraw when the representation will result in a violation of law.

**WHEREFORE**, 40 TCC respectfully requests that the Court enter an Order: (i) appointing a chapter 11 trustee in the Chapter 11 Case; and (ii) granting such other or further relief as the Court deems appropriate.

Dated: December 3, 2025
      New York, New York

Respectfully submitted,

**HERRICK, FEINSTEIN LLP**

By: */s/ Steven B. Smith*
    Steven B. Smith
    Two Park Avenue
    New York, New York
    Tel: (212) 592-1400
    ssmith@herrick.com

    *Attorneys for 40 W. 22nd St. Tenants Cooperative Corp.*