**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CHABAD OF GRAMERCY PARK,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-40105 (JMM) |

**STIPULATION AND AGREED ORDER**

Yann Geron, Esq. (the "Trustee"), solely in his capacity as the chapter 11 trustee of the bankruptcy estate of Chabad of Gramercy Park (the "Debtor"), and Giving Circle NYC, INC. d/b/a NY Hebrew (the "NY Hebrew" and together with the Trustee, the "Parties"), hereby enter into this stipulation (this "Stipulation") and stipulate and agree as follows:

**WHEREAS**, the Debtor is a New York nonprofit corporation which operates as a Jewish center and synagogue focused on outreach and education. The Debtor owns certain non-residential real property located at 121 West 19th Street and 40 West 22nd Street in New York, NY (collectively, the "Premises").

**WHEREAS**, NY Hebrew is a New York nonprofit corporation which has been operating at the Premises without a lease and without paying any rent, since 2012, with weekly religious educational classes and related programs, including Bar Mitzvah/Bat Mitzvah school programs, for approximately 80-100 children which take place two days a week after school hours during the traditional school year (the "Hebrew School Programs").

**WHEREAS**, on January 8, 2025, the Debtor filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

**WHEREAS**, on December 18, 2025, the Court entered an order directing the United States Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [DE 193], and the United States Trustee subsequently appointed Yann Geron as the Trustee [DE 196].

**WHEREAS**, on December 24, 2025, the Court entered an order approving the appointment of Yann Geron as Trustee [DE 199].

**WHEREAS**, NY Hebrew desires to continue operating the Hebrew School Programs at the Premises to minimize any disruption to the Chabad community and families whose children attend NY Hebrew's after school programs.

**WHEREAS**, the Parties have conferred in good faith and agreed that NY Hebrew may continue to operate from the Premises under the specific conditions as set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN, IT IS STIPULATED BY THE PARTIES AND HEREBY ORDERED THAT:**

*Court Approval Required*. This Stipulation is subject to and conditioned upon entry of an order of the Court approving its terms. If this Stipulation is not approved by the Court for any reason, this Stipulation shall be deemed null and void.

*Accommodations.* From the date of entry of this Stipulation through the Termination Date (as defined herein) (the "Accommodation Period"), as a temporary accommodation (the "Accommodation") without any obligation to do so, subject to the terms hereof, NY Hebrew is permitted to continue to use the Premises for the sole purposes of operating the Hebrew School Programs (and not for any other purpose including, but not limited to, running or operating a pre-school, a mikvah, or any programs not provided for herein) with no attendant lease or other rights arising under applicable law, except as otherwise provided herein. The Accommodation Period shall terminate upon the date (the "Termination Date") which is the earlier of (a) the date of the auction of either Premises, which auction is currently contemplated to occur on or about March 15, 2026[1], and (b) further order of the Court, or as otherwise provided in this paragraph. By no later than the Termination Date, NY Hebrew shall vacate the Premises, including the removal of all personal property of NY Hebrew, unless otherwise agreed by the buyer(s) of the applicable Premises and/or the Trustee. During the Accommodation Period, NY Hebrew shall have no obligation to pay rent to the Trustee or the Debtor's estate. In the event the Trustee becomes aware that any programs or activities are being conducted on the Premises, other than those authorized pursuant to this paragraph, the Accommodation shall immediately terminate upon written notice of such termination from the Trustee to NY Hebrew.

---

[1] In the event that a second auction is held with respect to either of the Premises, the "auction date" shall, for purposes of determining the Termination Date, mean the earlier of the two auctions.

*Acknowledgement that No Lease Exists.* NY Hebrew acknowledges and agrees that NY Hebrew is not a tenant of the Debtor, that no lease or sublease (whether written or oral, express or implied) exists between NY Hebrew and the Debtor with respect to the occupancy or use of the Premises, that NY Hebrew has no rights of tenancy or leasehold rights in or to the Premises, and that any occupancy or use of the Premises by NY Hebrew is permissive only and does not give rise to any tenancy or other leasehold rights.

*Compliance with State and Local Laws*. NY Hebrew represents and confirms that it is fully compliant with all state and local laws and otherwise authorized to operate its Hebrew School Programs.

*Insurance*. The Accommodation shall only be granted upon proof of a Certificate of Insurance of Commercial General Liability Insurance for the Premises, in an amount no less than $5,000,000, naming the following additional insureds: (i) Yann Geron, as Chapter 11 Trustee of the Estate of Chabad of Gramercy Park, (ii) United States Trustee for the Eastern District of New York, (iii) EMG Transfer Agent LLC ("EMG") and (iv) 40 W. 22nd St. Tenants Cooperative Corp. ("40 TCC"), which shall be in place at all times during the Accommodation Period.

*Access*. NY Hebrew has designated, and the Trustee has accepted, Rabbi Mendy and Gillie Shanowitz as the sole responsible persons (collectively, the "Responsible Person") for NY Hebrew's use of the Premises during the Accommodation Period. During the Accommodation Period, the Responsible Person shall (i) be on the Premises at all times when NY Hebrew personnel and students are on the Premises, (ii) be responsible for allowing access to, and securing, the Premises, at all times when NY Hebrew programs are in effect, (iii) not allow access to any other entity or individual for any other purpose, (iv) provide access to the Premises for potential purchasers at all times other than Mondays and Tuesdays from 2:00 p.m. - 7:00 p.m., and such other days and times as may be agreed to in writing by the Trustee, and (v) shall reasonably comply with all requests from the Trustee, EMG, and 40 TCC.

*Indemnity Deposit*. Within one (1) business day of entry of an order of this Court approving this Stipulation, NY Hebrew shall deposit with the Trustee the sum of $10,000.00 ("Indemnity Deposit") to secure its obligation to indemnify and hold harmless the Debtor, EMG and 40 TCC from any losses, damages, costs, or expenses, including attorneys' fees, arising from NY Hebrew's use of the Premises. This obligation expressly includes, without limitation, the costs associated with (i) repairing, restoring, or remediating any damage to the Premises, or any portion thereof, caused by or attributable to NY Hebrew, (ii) the failure of NY Hebrew to leave the Premises in the condition required by this Stipulation, and (iii) the failure of NY Hebrew to vacate the Premises as required by this Stipulation. The

Trustee may apply the Indemnity Deposit to such amounts upon written notice. Any unused portion of the Indemnity Deposit shall be returned to NY Hebrew within ten (10) days after the Termination Date.

*Costs*. All costs associated with running the school shall be borne solely by NY Hebrew, including, but not limited to (i) the costs of insurance, (ii) the costs associated with any damage to the Premises as a result of NY Hebrew's operations, and (iii) the maintenance costs associated with NY Hebrew's operations. The Accommodation costs shall be net-neutral to the Debtor's estate.

*Exclusive Jurisdiction*. The Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation.

*Reservation of Rights, Claims, and Defenses*. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation.

*Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto including EMG and 40 TCC.

*Authority of Signatories*. The Parties hereby warrant and represent that the individuals signing this Stipulation on their behalf are duly authorized, have the requisite authority, and have taken all actions necessary, to execute and deliver this Stipulation on behalf of the respective Party.

*Successors and Assigns*. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

*Severability*.  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

*Counterparts*. This Stipulation may be executed in one or more counterparts, each of which shall constitute an original, and all of which shall constitute a single and identical agreement. It shall not be necessary, in making proof of this Stipulation, to produce or account for more than one complete set of counterparts. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

[*remainder of page intentionally left blank*]

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

**STIPULATED AND AGREED TO THIS 6th DAY OF FEBRUARY, 2026:**

Dated: February 6, 2026
New York, New York

*/s/ Yann Geron*
Yann Geron, Esq.
**GERON LEGAL ADVISORS LLC**
370 Lexington Avenue, Suite 1208
New York, New York 10017
Telephone: (646)560-3224
Email: ygeron@geronlegaladvisors.com

*Trustee*

*/s/ Jodi Stein*
Jodi Stein, Esq.
Michael Driscoll, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON**
30 Rockefeller Plaza, 37th Floor
New York, New York 10112
Telephone: (212) 653-8181
Email: jstein@sheppardmullin.com

*Counsel to NY Hebrew*

**NO OBJECTION**:

Dated: February 6, 2026
       Uniondale, New York

By: */s/ Thomas A. Draghi*
Thomas A. Draghi, Esq.
Alexandra Pontrello, Esq.
**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Email: tdraghi@westermanllp.com
Email: apontrello@westermanllp.com

*Attorneys for the EMG Transfer Agent LLC*

By: */s/ Steven B. Smith*
Steven B. Smith
**HERRICK FEINSTEIN LLP**
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1474
Email: ssmith@herrick.com

*Attorneys for 40 TCC*

**IT IS SO ORDERED.**



Dated: February 11, 2026
       Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge