**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**
Thomas A. Draghi, Esq.
Michele L. Angell, Esq.
Alexandra Pontrello, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
tdraghi@westermanllp.com
mangell@westermanllp.com
apontrello@westermanllp.com

*Counsel to EMG Transfer Agent LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
In re:

Chabad of Gramercy Park,

Debtor.
-------------------------------------------------------X

Chapter 11
Case No.: 25-40105-jmm

**NOTICE OF HEARING ON MOTION OF EMG TRANSFER AGENT LLC, AS SECURED CREDITOR, FOR AN ORDER (A) APPROVING EMG'S DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF PLAN; (C) APPROVING NOTICE PROCEDURES AND ESTABLISHING PROCEDURES FOR OBJECTING; (D) APPROVING PROCEDURES FOR SOLICITATION AND TABULATION OF BALLOTS; AND (E) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that EMG Transfer Agent LLC (the "Secured Lender" or "Proponent"), a secured creditor of Chabad of Gramercy Park, the above-captioned debtor (the "Debtor"), by and through its counsel, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, shall move before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201-1800, on **November 18, 2026 at 2:00 p.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard, for entry of an order, substantially in the form attached to the annexed motion (the

"Motion") as Exhibit A (the "Proposed Order"), pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rules 3016 and 3017, (A) approving the *Disclosure Statement Concerning Chapter 11 Liquidating Plan for the Debtor Filed by EMG Transfer Agent LLC* dated October 21, 2026 (as may be supplemented or amended, the "Disclosure Statement"), with respect to the *Chapter 11 Liquidating Plan for the Debtor Filed by EMG Transfer Agent LLC* (as amended, modified or supplemented from time to time, the "Plan")[1]; (B) scheduling a hearing to consider confirmation of the Plan; (C) approving notice procedures and establishing procedures for objecting to the Plan; (D) approving procedures for solicitation and tabulation of ballots; and (E) granting related relief.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing and filed with the Bankruptcy Court by **November 11, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of any objection must also be served, so as to be received by the Objection Deadline, on: (i) Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, counsel for the Secured Lender, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq., Michele L. Angell, Esq. and Alexandra Pontrello, Esq.; (ii) Geron Legal Advisors LLC, counsel to the Chapter 11 Trustee, 370 Lexington Avenue, Suite 1208, New York, New York 10017, Attn.: Yann Geron, Esq., Nicole N. Santucci, Esq. and Alejandro J. Urquides, Esq.; and (iii) the Office of the United States Trustee, Eastern District of New York (Brooklyn), Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004-1408, Attn.: Jeremy Sussman, Esq., with (iv) a courtesy copy to the Chambers of the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, Conrad B.

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or the Plan, as applicable.

Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

**PLEASE TAKE FURTHER NOTICE**, that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement at the hearing.

Dated: October 21, 2026
Uniondale, New York

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

*/s/Thomas A. Draghi*

Thomas A. Draghi
Michele L. Angell
Alexandra Pontrello
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Facsimile: (516) 622-9212
Email: tdraghi@westermanllp.com
mangell@westermanllp.com
apontrello@westermanllp.com

*Counsel for EMG Transfer Agent LLC*

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**
Thomas A. Draghi, Esq.
Michele L. Angell, Esq.
Alexandra Pontrello, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
tdraghi@westermanllp.com
mangell@westermanllp.com
apontrello@westermanllp.com

*Counsel to EMG Transfer Agent LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Chabad of Gramercy Park,<br><br>Debtor. | Chapter 11<br>Case No.: 25-40105-jmm |

**MOTION OF EMG TRANSFER AGENT LLC, AS SECURED CREDITOR, FOR AN ORDER (A) APPROVING EMG'S DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF PLAN; (C) APPROVING NOTICE PROCEDURES AND ESTABLISHING PROCEDURES FOR OBJECTING; (D) APPROVING PROCEDURES FOR SOLICITATION AND TABULATION OF BALLOTS; AND (E) GRANTING RELATED RELIEF**

TO: THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

EMG Transfer Agent LLC (the "Secured Lender" or "Proponent"), by its undersigned counsel, hereby files this motion (the "Motion") for an order (the "Disclosure Statement Order"), pursuant to section 1125(b) of title 11, United States Code (the "Bankruptcy Code") and Rules 3016 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving the *Disclosure Statement Concerning Chapter 11 Liquidating Plan for the Debtor Filed by EMG Transfer Agent LLC* dated October 21, 2026 (as it may be supplemented or

amended, the "Disclosure Statement"), with respect to the *Chapter 11 Liquidating Plan for the Debtor Filed by EMG Transfer Agent LLC* (as amended, modified or supplemented from time to time, the "Plan")[2]; (b) scheduling a hearing (the "Confirmation Hearing") on confirmation of the Plan; (c) approving notice procedures and establishing procedures for objecting to the Plan; (d) approving the solicitation material and solicitation procedures substantially in the forms annexed hereto; and (e) granting related relief. In support of the Motion, the Proponent respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Motion requests approval of the Disclosure Statement to permit the Secured Lender to solicit votes for the Plan, and to set the Confirmation Hearing to consider confirmation of the Plan. Granting this request would expedite resolution of the Debtor's bankruptcy case for the benefit of the Debtor and its creditors. The Secured Lender believes that confirmation of the Plan as soon as possible is in the best interests of the Debtor, its creditors and the estate.

2. The Motion's proposed expedited schedule for the Court's consideration and approval of the Disclosure Statement and confirmation of the Plan is premised on the Court's approval of the request for shortened notice set forth in this Motion, which is supported by the affirmation pursuant to Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") being filed contemporaneously herewith. Specifically, the Secured Lender is seeking shortened notice for the Confirmation Hearing. If the Court were to grant the request for shortened notice, the Secured Lender contemplates the following resulting dates: (1) on or before November 19, 2026, the Disclosure Statement Order would be entered; (2) on or before November 25, 2026, the Solicitation Packages (as defined and described herein) would be served;

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Plan.

(3) December 7, 2026 would be the deadline for voting on the Plan; (4) December 9, 2026 would be the deadline for (a) filing and serving objections to confirmation of the Plan and (b) filing the Certificate of Ballots; and (5) December 16, 2026 or as soon thereafter as can be heard, would be the date of the Confirmation Hearing.

3. The Secured Lender respectfully submits that the foregoing process is consistent with the letter and spirit of the Bankruptcy Code and the Bankruptcy Rules, is appropriate under the circumstances of the Debtor's Chapter 11 Case, and is in the best interests of the Debtor and its creditors.

## BACKGROUND

### A. The Debtor, the Chapter 11 Case and the Chapter 11 Trustee

4. On January 8, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 18, 2025, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered an order directing the United States Trustee for the Eastern District of New York (the "U.S. Trustee") to appoint a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 193]. On December 19, 2025, the U.S. Trustee appointed Yann Geron, Esq. as the chapter 11 trustee (the "Chapter 11 Trustee") [Docket No. 196]. On December 23, 2025, the Court entered an order approving the appointment of the Chapter 11 Trustee [Docket No. 199].

5. As of the date of this Motion, no examiner or committee of creditors has been appointed in the Debtor's above-captioned chapter 11 case (the "Chapter 11 Case").

6. The Debtor is a New York nonprofit which was founded approximately 28 years ago by the Debtor's principal Rabbi Naftali Rotenstreich, who served as the Debtor's executive director until the Court's appointment of the Chapter 11 Trustee. The Debtor is part of a global

Jewish organization that runs an operation known as a Chabad. Chabad organizations operate a variety of educational, religious and/or humanitarian programs. The Debtor's primary businesses were early childhood and preschool centers, in addition to a synagogue, a ritual bath known as a mikvah, programs for young, Jewish professionals known as "YJP," a women's program known as Bais Chana and an after-school Hebrew program called New York Hebrew. As of the Petition Date, the Debtor had approximately 50 employees.

7. The Debtor owns certain real properties located at: (a) 121 West 19th Street, Commercial Unit, New York, New York 10011, which is a condominium unit in the building known as and by The Lion's Head Condominium ("121 W 19th"); (b) 12 East 13th Street, Unit COM, New York, New York 10003 ("12 E 13th"), which is a condominium unit; (c) 118 West 14th Street, First Floor Unit, New York, New York 10011 ("118 W 14th"); and (d) 105-07 East 16th Street, Commercial Unit, New York, New York, which includes a condominium unit on the ground floor of the property ("105-07 E 16th"). Additionally, the Debtor owns interests in the cooperative organization known as 40 West 22nd Street Tenants Cooperative Corporation ("40 TCC") pertaining to 45.45 shares of stock for "Unit Gr. Fl." in the building located at 40 West 22nd Street, New York, New York 10010 (the "Co-op Interests," and together with 121 W 19th, 12 E 13th, 118 W 14th, and 105-07 E 16th, the "Properties").

8. Prior to the Petition Date, there were several pending state court actions against the Debtor and/or the Rabbi, as follows: (a) *211 Thompson Owners Corp. v. Chabad of Gramercy Park et al.*, LT-311000-23 NY; (b) *40 W. 22nd St. Tenants Cooperative Corp. v. Chabad of Gramercy Park, et al.*, LT-315601-24/NY; (c) *245 E. 19 Realty LLC v. Chabad of Gramercy Park Inc., et al.*, LT-309542-23?NY; and (d) *Steven F. Johnson v. Naftali Rotenstreich, et al.*, 526881-2024. (*See Affidavit Pursuant to E.D.N.Y. Local Bankruptcy Rule 1007-4*, dated March 19, 2025

[Docket No. 39] (the "First Day Declaration"), ¶¶ 4, 15.) The Debtor has attested that it commenced the Chapter 11 Case to stop eviction, negotiate with landlords and address several unsecured debts. (*Id.*, ¶ 4.)

9. Additional details regarding the Debtor, its business, and the events leading to commencement of the Chapter 11 Case are set forth in the First Day Declaration and transcript of the Bankruptcy Code section 341 meeting commenced on February 14, 2025. (*See Declaration of Thomas A. Draghi*, dated March 11, 2025 [Docket No. 21-2] (the "Draghi Decl."), Ex. 1.)

10. As a result of the foregoing, the Proponent believes that an orderly sale through the bankruptcy process and monetization of any causes of action owned by the Debtor would avoid further costs and delays and maximize recovery for the benefit of the Debtor's creditors in the Chapter 11 Case.

11. The Proponent also respectfully requests approval of solicitation materials, including the proposed form of notice of confirmation hearing and form of ballot for acceptances or rejections of the Plan.

**B. The Secured Lender and the Loan Documents**

12. The loans that secure the indebtedness owed by the Debtor to the Secured Lender have origins dating back to 2006, but have since undergone a series of assignments, consolidations and modifications.

13. On May 27, 2020, the Debtor executed that certain consolidated, amended and restated mortgage promissory note (the "Note") in favor of Manufacturers and Traders Trust Company ("M&T Bank"), evidencing a term loan in the principal sum of $23,000,000.00, secured by, among other things: (a) that certain mortgage and mortgage consolidation, modification, spreader and extension agreement (and assignment of leases and rents), security agreement, fixture

filing and financing statement, dated as of May 27, 2020, by and between the Debtor and M&T Bank (the "Mortgage Consolidation Agreement"); (b) that certain security agreement, dated as of May 27, 2020, by the Debtor in favor of M&T Bank (the "Security Agreement");[3] and (c) that certain general security agreement, dated as of May 27, 2020, by the Debtor in favor of M&T Bank (the "General Security Agreement," and together with the Note, Mortgage Consolidation Agreement, Security Agreement, and all other documents executed in connection with the foregoing, including without limitation, UCC-1 financing statements and other financing statements, the "Loan Documents"). (*See* Draghi Decl., Ex. 3.)

14. Pursuant to that certain assignment and assumption of Loan Documents entered into between the Debtor and M&T Bank, dated as of April 5, 2024 (the "Assignment and Assumption of Loan Documents"), and documents executed and delivered to the Secured Lender in connection therewith, the Secured Lender became the owner and holder of the Loan Documents.

15. Among other things, on or about April 5, 2024, M&T Bank duly executed and delivered to the Secured Lender that certain assignment of mortgage consolidation agreement (the "Assignment of Mortgage"), whereby M&T Bank assigned to the Secured Lender the Mortgage Consolidation Agreement, together with the notes and the claims secured thereby.

16. On or about April 5, 2024, M&T Bank also duly executed and delivered to the Secured Lender that certain allonge, whereby M&T Bank indicated that the Note should be paid to the order of the Secured Lender.

17. The Secured Lender remains the owner and holder of the Note, the Mortgage

---

[3] Pursuant to the Security Agreement, the Debtor granted M&T Bank a continuing security interest in "all personal property and fixtures of Debtor." (*See* Draghi Decl., Ex. 3.) M&T Bank also filed a UCC financing statement on May 22, 2020, under filing number 202005220248713, perfecting its security interest in the remaining properties and the Debtor's personal property. (*Id.*)

Consolidation Agreement and all related Loan Documents.

18. By virtue of the foregoing, the Secured Lender holds a valid, perfected, first-priority lien on and security interest in all the Debtor's assets and proceeds thereof other than with respect to the Co-op Interests. With respect to the Co-op Interests, the Plan acknowledges that 40 TCC holds a valid, perfected, first-priority lien on and security interest in the Co-op Interests and proceeds thereof, and the Secured Lender holds a second-priority lien on and security interest in the Co-op Interests, junior only to 40 TCC.

19. The Debtor was indebted to the Secured Lender in the amount of $23,979,337.00 as of March 11, 2025 (Draghi Decl., Ex. 2), and, to that end, is significantly undersecured. As of the Petition Date, the Debtor was indebted to 40 TCC in the amount of at least $236,788.67.

20. The Debtor scheduled the Secured Lender's claim as a *noncontingent, liquidated, undisputed* claim in the amount of $24,000,000.00. (*See* Petition, Schedule D; *see also* Draghi Decl., Ex. 2.)

**C. Salient Events in the Chapter 11 Case**

21. On March 11, 2025, the Secured Lender filed a motion seeking, among other things, an order prohibiting the use of cash collateral by the Debtor without either Court approval or the Secured Lender's consent, and for further relief [Docket No. 21] (the "Cash Collateral Motion"). (*See* Cash Collateral Motion at 1, ¶¶ 48-53.)

22. On March 19, 2025, the Debtor objected to the Cash Collateral Motion [Docket No. 43].

23. On March 21, 2025, the Court held a hearing on the Cash Collateral Motion (the "Cash Collateral Hearing"). At the Cash Collateral Hearing, the Debtor indicated it had three sources for its revenues: (a) donations (the "Donations"); (b) tuition payments made for the current

school year (*i.e.*, then September 1, 2024, through June 1, 2025); and (c) tuition payments made for the following school year (*i.e.*, then September 1, 2025, through June 1, 2026).

24. On April 3, 2025, the Court entered an order prohibiting Debtor's use of the Secured Lender's "cash collateral" as defined in section 363(a) of the Bankruptcy Code without further order of the Court [Docket No. 67].

25. As per the Court's instruction at the Cash Collateral Hearing, the Debtor, the Secured Lender, and 40 TCC thereafter agreed on terms concerning the use of cash collateral, which does not include Donations, and on May 22, 2025, the Court so-ordered a stipulation and final order authorizing the Debtor's use of cash collateral, providing adequate protection and granting related relief [Docket No. 94] (the "Cash Collateral Order").

26. On November 11, 2025, the Debtor's counsel filed the *Motion to be Relieved as Counsel* [Docket No. 156]. By order dated December 18, 2025, Debtor's counsel's motion to withdraw was granted [Docket No. 194].

27. The Chapter 11 Trustee and Secured Lender further agreed that Ariel Property Advisors LLC (the "Broker") would be retained by the Chapter 11 Trustee to assist him with marketing and selling the Properties. While the Debtor previously sought to retain the Broker, that application was not approved prior to the Chapter 11 Trustee's appointment [Docket No. 128]. The Chapter 11 Trustee's retention of the Broker was authorized by Court order dated March 8, 2026 [Docket No. 217].

28. On March 30, 2026, the Chapter 11 Trustee and the Secured Lender filed a joint motion seeking entry of an order, among other things, approving the sale of the Properties, free and clear of all liens, claims, encumbrances, and other interests, and approving the proposed bidding procedures and stalking horse bidder protections [Docket No. 225] (the "Bidding

Procedures Motion").

29. On April 28, 2026, the Court entered an order approving the Bidding Procedures Motion [Docket No. 240] (the "Bidding Procedures Order"). Pursuant to the terms of the Bidding Procedures Order, the Court approved the proposed bidding procedures (the "Bidding Procedures") which, among other things, established the Bid Deadline, the Auction (if required) and the Sale Hearing, all as subject to modification in accordance with the Bidding Procedures approved therein [Docket No. 240-1].

30. At a hearing held on July 15, 2026, the Court approved the sale of 12 E 13th to Woodbranch Property Trust for $1,650,000, and on August 12, 2026, a notice of settlement of proposed order was filed by the Chapter 11 Trustee in connection with such sale. The order approving such sale was entered on October 8, 2026 [Docket No. 307]. Also at that hearing, the Court indicated that it would approve a stipulation with respect to the sale of 105-07 E 16th to the one qualifying bidder, The Downtown Minyan Torah Inc., for a purchase price of $2,600,000. That stipulation has not yet been submitted to the Court for approval.

31. As of the date of filing this Motion, no Qualifying Bids have been submitted regarding (1) 1118 W 14th; (2) 121 W 19th; and (3) the Co-op Interests.

32. The Broker continues its marketing efforts in order to effectuate a sale of those properties in the best interests of the Debtor, the Debtor's estate, the creditors, and all other interested parties.

33. The deadlines set forth in the Bidding Procedures have been extended from time to time with respect to each of the Properties. Pursuant to the most recent notice of further extension of deadlines filed by the Chapter 11 Trustee [Docket No. 309], the deadlines with respect to the three remaining Properties (118 W 14th, 121 W 19th, and the Co-op Interests) are as follows: (a)

Bid Deadline: Tuesday, December 1, 2026; (b) deadline for the Chapter 11 Trustee to file notice of the Auction: Friday, December 4, 2026; (c) deadline for the Chapter 11 Trustee to designate Qualifying Bids and the Baseline Bid: Friday, December 4, 2026; and (d) Auction (if required): Tuesday, December 8, 2026. The 12 E 13th and 105-07 E 16th sales will be approved pursuant to the Confirmation Order, along with any of the other Properties that are sold prior to entry of the Confirmation Order. To the extent any of the remaining Properties are not sold prior to the Confirmation Order, the Plan Administrator will continue to market and sell such Properties post-confirmation pursuant to the terms of the Bidding Procedures.

## JURISDICTION

34. This Court has jurisdiction over the Motion and over the persons and property affected hereby pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York. Venue of this Chapter 11 Case and matter in this District is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

35. The statutory predicates for the relief sought herein are sections 102(1), 105, 502, 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, 9006(c), 9007, and 9013.

## RELIEF REQUESTED

36. Generally, the Plan provides for the sale of all of the Properties (including the Co-op Interests) pursuant to the Bidding Procedures, as is, where is, free and clear of all liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, with the proceeds to be distributed in accordance with the priority scheme under the Bankruptcy Code. Sales of Properties with a Successful Bidder as of the Confirmation Hearing will be approved pursuant to

the Confirmation Order, and any remaining Properties will continue to be marketed and sold after confirmation. Under this framework, as set forth more fully in the Disclosure Statement and the Plan, the Secured Lender has entered into the Plan Support Agreement with the Chapter 11 Trustee and the Supporting Parties. Pursuant to the Plan Support Agreement and Plan, the Secured Lender will fund the Secured Lender Plan Contribution, which provides for (i) a *Pro Rata* cash distribution to holders of Allowed Supporting Party Administrative Claims in full satisfaction of such Claims, (ii) payment of certain agreed Allowed Administrative Claims of the Chapter 11 Trustee and his professionals, (iii) a *Pro Rata* cash distribution to holders of Allowed General Unsecured Claims in Class 5, and (iv) U.S. Trustee Fees due as of the Effective Date, as well as carve-outs from the Initial Closing Date Sale Proceeds. The Secured Lender has also waived, conditioned upon the Effective Date occurring, any distribution on account of its Adequate Protection Superpriority Claim and its deficiency claim in Class 5, as well as any claim to the Net Avoidance Action Recoveries. All Litigation Claims are preserved, and any remaining recoveries, after payment of senior Claims, will be available for distribution to holders of Class 5 Claims on a *Pro Rata* basis. The Plan Administrator appointed under the Plan (Yann Geron, Esq., the Chapter 11 Trustee), will be responsible for administering the Debtor's post-Effective Date estate, including the marketing and sale of any Post-Confirmation Sale Properties and the prosecution of any Avoidance Actions and Litigation Claims.

37. By this Motion, the Proponent seeks the entry of an order, substantially in the form annexed hereto as Exhibit A (*i.e.*, the "Disclosure Statement Order"): (a) approving the Disclosure Statement; (b) scheduling the Confirmation Hearing on confirmation of the Plan; (c) approving the notice procedures and establishing procedures for objecting to the Plan; (d) approving procedures for solicitation and tabulation of ballots, including (i) approving the form and manner

of notice of the Confirmation Hearing, (ii) establishing a voting record date and approving procedures for distributing solicitation packages, (iii) approving form of ballots and establishing procedures for voting on the Plan, and (iv) establishing the deadline for receipt of ballots; and (e) granting related relief.

38. Below is a table setting forth the Proponent's proposed dates relating to voting and confirmation of the Plan (subject, of course, to approval and availability of the Court, the "Confirmation Schedule"):

| **Proposed Timetable** | |
|---|---|
| Deadline to Object to Approval of Disclosure Statement | November 11, 2026 |
| Disclosure Statement Hearing | November 18, 2026, at 2:00 p.m. |
| Deadline to Serve Disclosure Statement and Plan | November 25, 2026 |
| Voting Record Date | November 18, 2026 |
| Solicitation Mailing Date | November 25, 2026 |
| Bankruptcy Rule 3018 Hearing, if necessary | December 14, 2026, at 11:00 a.m.[4] |
| Confirmation Objection Deadline | December 9, 2026 |
| Voting Deadline | December 7, 2026 |
| Deadline to File Certificate of Ballots | December 9, 2026 |
| Reply Deadline | December 14, 2026 |
| Confirmation Hearing | December 16, 2026 at 11:00 a.m.[5] |

[4] This hearing will only take place if a creditor timely files a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan in accordance with the provisions set forth below.

[5] The Disclosure Statement Hearing is scheduled for November 18, 2026, with the proposed Confirmation Hearing being December 16, 2026, which is 28 days later. Given the length of time between the two hearings, the proposed timeline provides sufficient time for each of the proposed dates included in the timeline.

## BASIS FOR RELIEF

### A. Approval of the Disclosure Statement

39. Section 1125 of the Bankruptcy Code requires a proponent of a chapter 11 plan, as a condition to soliciting acceptances and rejections of such plan, to obtain the approval of a disclosure statement that contains "adequate information," namely, information of a type "as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records," to enable parties in interest, who are typical of the parties to be solicited in connection with the plan, to "make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

40. A disclosure statement must provide appropriate information – as determined by the unique facts and circumstances of each case – that is reasonably required to permit typical creditors and equity interest holders entitled to vote on the chapter 11 plan, whose claims and interests are impaired under the plan, to make an informed judgment about how to vote on the plan. *See In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

41. In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. *See Abel v. Shugrue (In re Ionosphere Clubs, Inc.*), 179 B.R. 24, 29 (S.D.N.Y. 1995) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.") (quoting *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (l988)); *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) ("The

statutory definition of 'adequate information' leaves the bankruptcy court wide discretion to determine on a case by case basis whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail") (citation omitted).

42. Bankruptcy courts consider a number of factors in evaluating whether to approve the adequacy of a disclosure statement, including, among others: (a) the circumstances that gave rise to the filing of the bankruptcy petition; (b) the financial condition and performance of the debtor while in chapter 11; (c) information regarding claims against the debtor's estate; (d) a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case was converted to a case under chapter 7 of the Bankruptcy Code; and (e) the anticipated future of the debtor. *See, e.g.*, *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

43. The Proponent believes that the Disclosure Statement contains information concerning all of the above factors, as well as other information that is relevant to the Debtor's particular case here, based on the information filed in connection with the Debtor's Chapter 11 Case. The Proponent submits that the information provided in the Disclosure Statement is more than adequate to enable a hypothetical reasonable investor to make an informed decision on whether to vote in favor of the Debtor's Plan.

44. Accordingly, the Proponent requests that the Court approve the Disclosure Statement and determine that it provides adequate information within the meaning of section 1125 of the Bankruptcy Code for purposes of permitting Proponent to commence soliciting acceptances and rejections of the Plan.

**B. Scheduling the Confirmation Hearing**

45. Bankruptcy Rule 3017(a) requires the court to "hold a hearing on a disclosure statement filed under Rule 3016(b)" with "at least 28 days' notice under Rule 2002(b)."

46. With respect to the scheduling of a confirmation hearing, Bankruptcy Rule 3017(c) provides as follows:

> At the time or before the disclosure statement is approved, the court: (1) must set a deadline for the holders of claims and interests to accept or reject the plan; and (2) may set a date for a confirmation hearing.

Fed. R. Bankr. P. 3017(c).

47. Proponent respectfully submits that scheduling the Confirmation Hearing as proposed herein, on slightly shortened notice, is appropriate and in the best interests of the estate and creditors under the circumstances of this Chapter 11 case.

48. Therefore, the Proponent hereby respectfully requests entry of the Disclosure Statement Order setting a date for the Confirmation Hearing at which the Court will consider confirmation of the Plan. Bankruptcy Rule 2002(b) requires 28 days' notice of the time fixed for filing objections to and the hearing to consider confirmation of a plan; however, Bankruptcy Rule 9006(c)(1) permits the Court, for cause shown, to reduce that period. The Proponent respectfully requests that the Confirmation Hearing be scheduled for the date that is twenty-eight (28) days after the Disclosure Statement Hearing, or as soon thereafter as the Court is available. Because the Notice of Confirmation Hearing will be served within four (4) Business Days after entry of the Disclosure Statement Order, parties in interest will receive slightly less than 28 days' notice of the Confirmation Hearing. The Proponent submits that cause exists for this modest reduction because parties in interest will have received notice of the Disclosure Statement Hearing and the proposed Confirmation Schedule well in advance, the proposed schedule still affords holders of Claims

adequate time to review the Solicitation Package, cast ballots and file any objections, and an expedited confirmation process will minimize administrative expenses and expedite distributions to creditors. In accordance with Local Rule 9077-1, the reasons supporting this request for shortened notice are further set forth in the affirmation filed contemporaneously herewith. In accordance with Bankruptcy Rules 3017(c) and 9006(c)(1), the Proponent respectfully requests that this Court execute an order in the Chapter 11 Case approving the Confirmation Schedule set forth above (or such other dates as this Court is available in light of the time exigencies of this case).

**C. Date for Filing Objections to Confirmation of the Plan**

49. Bankruptcy Rules 3017(a) and 3020(b) provide that objections to the approval of a disclosure statement and confirmation of a proposed plan, respectively, must be filed with the bankruptcy court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code and on any other entity specified by the bankruptcy court, before the disclosure statement is approved or by an earlier date the court sets. Additionally, Rule 3020(b)(1) requires that objections to confirmation of a plan be served on the plan proponent. To comply with the solicitation schedule described herein, and to permit the parties in interest adequate time to respond to objections prior to the Confirmation Hearing, the Proponent proposes that any objection to the proposed confirmation of the Plan (including any supporting memoranda) must be in writing, served on the Notice Parties (as defined below), and filed with the Court, together with proof of service, such that they are received by such parties and the Court on or before 5:00 p.m. (prevailing Eastern Time) on **December 9, 2026** (the "Objection Deadline"). Local Rule 3020-1 provides that an objection to plan confirmation should be filed no later than seven (7) days prior to the first date set for the confirmation hearing, and the proposed Objection Deadline satisfies this Local Rule.

50. The Proponent further requests the Court to direct that any objections to confirmation of the Plan be served, so that they are actually received by the Objection Deadline, on the following parties (the "Notice Parties"):

Attorneys for the Secured Lender:
Westerman Ball Ederer
Miller Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Attn: Thomas A. Draghi, Esq. (tdraghi@westermanllp.com)
Michele L. Angell, Esq. (mangell@westermanllp.com)
Alexandra Pontrello, Esq. (apontrello@westermanllp.com)

Attorneys for the Chapter 11 Trustee:
Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
Telephone: (646) 560-3224
Attn: Yann Geron, Esq. (ygeron@geronlegaladvisors.com)
Nicole N. Santucci, Esq. (nsantucci@geronlegaladvisors.com)
Alejandro J. Urquides, Esq. (aurquides@geronlegaladvisors.com)

Office of the United States Trustee:
U.S. Department of Justice
Office of the United States Trustee
Region 2– Brooklyn Division
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408
Attn.: Jeremy Sussman, Esq., Trial Attorney

51. The proposed timing for service of objections will afford the Court, the Proponent, the Chapter 11 Trustee and other parties in interest sufficient time to consider the objections. The filing and service of objections on the Notice Parties no later than the proposed Objection Deadline will afford parties the opportunity at the Confirmation Hearing to consider, and, if appropriate, seek to resolve objections, if any, to confirmation of the Plan.

**D. Notice of Confirmation Hearing and Composition of Solicitation Packages and Procedures**

52. Bankruptcy Rule 3017(d) describes the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization. *See* Fed. R. Bankr. P. 3017(d).

53. Provided the Court approves the Disclosure Statement as containing adequate information as required by Section 1125 of the Bankruptcy Code, the Proponent proposes to deliver or cause to be delivered solicitation packages by email or first-class mail, by no later than November 25, 2026 or four (4) Business Days following entry of the Disclosure Statement Order (the "Solicitation Date"), whichever is later, to parties entitled to vote on the Plan (the "Voting Parties")[6], which shall contain the following materials (the "Solicitation Package") for the Chapter 11 Case:

(a) Notice of (I) Approval of Disclosure Statement, (II) Deadline for Casting Votes to Accept or Reject the Chapter 11 Liquidating Plan Filed by EMG Transfer Agent LLC, and (III) the Hearing to Consider Confirmation of the Plan (the "Notice of Confirmation Hearing"), substantially in the form annexed hereto as Exhibit D;

(b) The (i) Plan and (ii) Disclosure Statement;

(c) A copy of the Disclosure Statement Order, substantially in the form annexed hereto as Exhibit A; and

(d) A ballot, substantially in the form annexed hereto as Exhibit B.

54. The Proponent reserves its rights to make non-substantive or immaterial changes to any documents in the Solicitation Package without further order of the Court prior to its dissemination, including, but not limited to, changes to correct typographical and grammatical

[6] The Voting Parties consist of holders of the claims in the following Classes as follows – Class 1, Class 3, Class 4, and Class 5. These claims are impaired under the Plan and are entitled to vote to accept or reject the Plan. Holders of Claims and Interests that are not entitled to vote will be provided with the Notice of Non-Voting Status substantially in the form annexed hereto as Exhibit C.

errors, and to make conforming changes among the Plan and Disclosure Statement and any other materials comprising the Solicitation Package.

55. The Proponent submits that the foregoing procedures for providing notice of the Confirmation Hearing and related procedures constitute adequate notice of same and fall within the procedures contemplated in Bankruptcy Rule 2002. The Proponent also submits that it has shown good cause for implementing the proposed notice and service procedures, and that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

56. Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired classes are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class…is not required." 11 U.S.C. § 1126(f). Pursuant to section 1126(g) of the Bankruptcy Code, a class that receives or retains no property under a plan on account of its claims or interests is deemed not to have accepted the plan. 11 U.S.C. § 1126(g). Accordingly, the Proponent respectfully submits that it need not be required to transmit a Solicitation Package to (a) the holder of the Claim in Class 2 (Maplewood Secured Claim), which is unimpaired and deemed to have accepted the Plan, or (b) the holders of Interests in Class 6 (Interests), which are impaired and deemed to have rejected the Plan (together, the "Non-Voting Classes"). The Proponent proposes to mail or cause to be mailed by first-class mail to the holders of Claims and Interests in the Non-Voting Classes a copy of the Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit C, no later than four (4) Business Days after entry of the Disclosure Statement Order.

57. In accordance with the Bankruptcy Rules, the Proponent proposes to serve, no later than four (4) Business Days after entry of the Disclosure Statement Order, the Notice of Confirmation Hearing, setting forth information regarding (a) the Voting Deadline, (b) the Objection Deadline, (c) the time, date, and place for the Confirmation Hearing on the following

parties: (i) the U.S. Trustee; (ii) the Non-Voting Classes; (iii) all entities that are party to executory contracts and unexpired leases with the Debtor; (iv) all entities that are party to litigation with the Debtor; (v) all current and former employees of the Debtor (to the extent that contact information for former employees is available in the Chapter 11 Trustee's records); (vi) all regulatory authorities that regulate the Debtor's businesses, (vii) the Office of the Attorney General for the State of New York; (viii) the Office of the United States Attorney for the Eastern District of New York, (ix) all taxing authorities having jurisdiction over any of the Properties, including the Internal Revenue Service; (x) all environmental authorities having jurisdiction over any of the Properties, including the Environmental Protection Agency; (xi) the New York State Department of Taxation and Finance; (xii) the New York City Department of Finance; (xiii) all of the Debtor's known equity security holders; and (xiv) all other parties that have filed a notice of appearance and demand for service of papers in the Chapter 11 Case as of the service date.

**E. Approval of Form of Ballot**

58. Bankruptcy Rule 3017(d)(2) requires a form of ballot, which substantially conforms to Official Form No. 314, to be mailed to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d)(2). The Proponent proposes to distribute to creditors and equity security holders entitled to vote on the Plan the form of ballot described above and annexed hereto as Exhibit B. The form for the ballot is based on Official Form No. 314 but has been modified to address the particular aspects of this Chapter 11 Case as described above.

**F. Establishment of Voting Deadline for Receipt of Ballots**

59. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court must set a deadline for the holders of claims or equity security interests may accept or reject a plan. *See* Fed. R. Bankr. P. 3017(c). The Proponent anticipates commencing the solicitation period on or before November 25, 2026. Based on this schedule, the Proponent

proposes that in order to be counted as a vote to accept or reject the Plan, a ballot must be properly executed, completed and delivered by the creditor, by U.S. Mail, courier or overnight delivery by a nationally recognized carrier, to counsel for Proponent, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, so that such Ballot is actually received by Proponent's counsel by no later than 5:00 p.m. (prevailing Eastern Time) on December 7, 2026 (the "Voting Deadline"), at the following address:

Westerman Ball Ederer
Miller Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Attn: Thomas A. Draghi, Esq.
Michele L. Angell, Esq.
Alexandra Pontrello, Esq.

60. The Voting Deadline is nineteen (19) days after the Disclosure Statement Hearing date. This solicitation period should be a sufficient period within which creditors can make an informed decision to accept or reject the Plan, while affording the Proponent adequate time to tabulate and certify the ballots.

61. Proponent proposes that the date first set for the Disclosure Statement Hearing be the record date (the "Record Date").

**G. Approval of Procedures for Vote Tabulation**

62. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

63. Bankruptcy Rule 3018(a)(4) provides that the "court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan." Fed. R. Bankr. P. 3018(a)(4).

64. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Proponent in any other context, including to object to any claims, the Proponent proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to:

a. the amount of such claim as allowed by order of the Court or as allowed pursuant to the Plan;
b. if (a) does not apply, then the amount of any timely filed proof of claim that is not the subject of an objection[7]; or
c. if neither (a) nor (b) applies, then the non-contingent, liquidated, undisputed amount set forth on the Debtor's latest amended bankruptcy schedules as filed in the Chapter 11 Case (the "Schedules").

65. If a claim is listed in the Schedules as contingent, unliquidated, or disputed and/or a proof of claim was not (i) filed by the bar date for the filing of proofs of claim against the Debtor established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c). The Proponent also proposes that if anyone has filed and served an objection to a voting claim at least fourteen (14) days prior to the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

[7] If a claim, for which a proof of claim has been timely filed, is marked as contingent, unliquidated or disputed, such claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such claim is disputed in the manner set forth in paragraph 65 below.

66. If any creditor seeks to challenge the allowance or disallowance of its claim for voting or other purposes in accordance with the above procedures, the Proponent requests that the Court direct such creditor to serve on the Notice Parties and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a)(4) temporarily allowing such claim in a different amount for purposes of voting to accept or reject or otherwise participate under the operative plan, which must be filed and served so that a hearing on such motion may occur on not less than two (2) business days prior to the Confirmation Hearing. The Proponent further proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's ballot should not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.[8]

67. The Proponent believes that the foregoing proposed procedures provide for a fair and equitable voting process.

68. Except as otherwise provided, for purposes of determining whether the numerosity and claim amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Proponent will tabulate only those ballots cast by the Voting Deadline.

69. The Proponent further proposes that the following ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any ballot received after the Voting Deadline unless the Proponent shall have granted in writing an extension of the Voting Deadline with respect to such ballot; (b) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any ballot that

[8] This proposed procedure is consistent with section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code. *See* 11 U.S.C. § 1126. Section 502 of the Bankruptcy Code provides that a filed proof of claim is deemed allowed, "unless a party in interest objects." 11 U.S.C. § 502.

partially rejects and partially accepts the Plan; (d) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject a plan; (e) any ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (f) any unsigned ballot; (g) any ballot transmitted by facsimile or email; and (h) any ballot by a claimant whose claim is or has been disallowed.

70. The Proponent requests that the following additional voting procedures and standard assumptions be used in tabulating ballots:

a. The Proponent reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order. If the Secured Lender makes material changes in the terms of the Plan for which no Court direction or approval shall be required, the Secured Lender will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court.
b. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, and the later received Ballot(s) reflect a change in said individual's acceptance or rejection of the Plan, the last valid Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot.
c. Upon further approval of the Court, the Secured Lender may waive any defect in any Ballot at any time, either before or after the close of voting.
d. Any holder of impaired Claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).
e. Any Ballot received that does not indicate either an acceptance or rejection of the Plan, but includes a valid signature, will not be counted except as approved by further order of the Court.

71. The Proponent proposes that the Secured Lender file its certification of vote or voting report pursuant to Local Rule 3018-1 (the "Certificate of Ballots") on or before **December 9, 2026** (*i.e.*, seven (7) days prior to the Confirmation Hearing). Local Rule 3018-1(b) provides that a vote certification or report be filed at least seven (7) days prior to a confirmation hearing.

72. In the event some of the Solicitation Package or other solicitation-related notices described herein are returned as undeliverable, the Proponent requests that it not be required to re-

mail such undelivered Solicitation Packages or other undeliverable solicitation-related notices, unless the Proponent has been informed in writing of the recipient's new address.

**REQUEST FOR CONFIRMATION HEARING ON SHORTENED NOTICE**

73. As set forth above, pursuant to Bankruptcy Rules 2002(b) and 9006(c)(1) and Local Rule 9077-1, the Proponent respectfully requests that the Court schedule the Confirmation Hearing on shortened notice, on the date that is twenty-eight (28) days after the Disclosure Statement Hearing, or as soon thereafter as the Court is available, with the related Voting Deadline and Objection Deadline set as proposed herein. Cause exists for this modest reduction of the notice period because parties in interest will have received notice of the Disclosure Statement Hearing and the proposed Confirmation Schedule well in advance, the proposed schedule still affords holders of Claims adequate time to review the Solicitation Package, cast ballots and file any objections, and an expedited confirmation process will minimize administrative expenses and expedite distributions to creditors. The reasons supporting this request are further set forth in the affirmation pursuant to Local Rule 9077-1 filed contemporaneously herewith.

**NOTICE**

74. Notice of this Motion is being provided to the counsel for the Proponent, the U.S. Trustee, all known holders of claims or equity interests, and those parties who have filed a notice of appearance in the Chapter 11 Case. The Proponent will also serve the Disclosure Statement and the Plan in accordance with Bankruptcy Rule 3017(a)(1)(B). The Proponent submits that no other or further notice is necessary under the circumstances of this case.

**NO PRIOR REQUEST**

75. No prior request for the relief requested in this Motion has been made to this Court or any other court by the Proponent.

## CONCLUSION

WHEREFORE, the Proponent respectfully requests entry of an order substantially in the form annexed hereto as Exhibit A granting the relief sought herein and such other and further relief as is just and proper.

Dated: October 21, 2026
Uniondale, New York

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

*/s/Thomas A. Draghi*
Thomas A. Draghi
Michele L. Angell
Alexandra Pontrello
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Facsimile: (516) 622-9212
Email: tdraghi@westermanllp.com
mangell@westermanllp.com
apontrello@westermanllp.com

*Counsel for EMG Transfer Agent LLC*